## MORGAN CO. v. GREAT NORTHERN RY. CO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1923.)

No. 3082.

1. **Commerce ☞88—Order establishing different rate does not establish shipper's right to reparation.**

   Evidence that may condemn a rate for interstate shipments does not necessarily justify reparation for exaction of that rate in the past, so that an order of the Interstate Commerce Commission establishing a different rate, but not authorizing reparation, does not establish a shipper's right to reparation.

2. **Commerce ☞88—Provision making Commission's findings and orders prima facie evidence is constitutional.**

   The provision making the findings and orders of the Interstate Commerce Commission on the question of reparations prima facie evidence of the facts therein stated is not unconstitutional, so that no reparations can be recovered upon the facts established before the Commission, where its order on rehearing, granted as authorized by Act June 29, 1906, § 6 (Comp. St. § 8585), modifying a previous order as authorized by Act June 18, 1906, § 13 (Comp. St. § 8584), did not allow reparation.

In Error to the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Action at law by the Morgan Company against the Great Northern Railway Company. Judgment for plaintiff for part only of the sum claimed (263 Fed. 611), and plaintiff brings error. Affirmed.

John S. Burchmore, of Chicago, Ill., for plaintiff in error.

Reuben J. Hagman, of St. Paul, Minn., for defendant in error.

Before BAKER, EVANS, and PAGE, Circuit Judges.

PAGE, Circuit Judge. Effective November 1, 1907, the railroads divided the Northwestern states into the "Coast Rate Group," the

"Spokane Rate Group," and the "Montana-Oregon Rate Group," and established, applicable to each group, increased tariff rates on lumber shipments to the East.

Interested parties proceeded before the Interstate Commerce Commission to compel restoration of the old rate and for reparation. A basing rate of 55 cents per 100 pounds was found to be just and reasonable in the Coast Cases. That was higher than the old rate, but lower than that effective November 1, 1907, and reparation was awarded for the difference between the old rate and the 55-cent rate. Cases Nos. 1327, 1329 and 1335, 14 Interst. Com. R. beginning on page 1.

The Potlatch Case, heard and decided at the same time, June 2, 1908, was brought by parties in the Spokane district, asking a differential in their favor as against Coast shippers, and alleging that as to them both the old rate and the November 1, 1907, rate were too high. Differentials were found reasonable and established, but no reparation was awarded. Case No. 1348, 14 Interst. Com. R. 41.

On April 12, 1909, the Commission entered a supplemental order in each of the above cases, saying that:

"Reparation is, therefore, in all cases to be computed just as if case No. 1348 had not been decided."

Upon what petition or evidence that order was made does not appear. Later, complainants in case No. 1329 and in the Potlatch Case petitioned the Commission for vacation and modification of its orders, and for a rehearing. The Commission reviewed the evidence and findings in all the above cases, to determine whether reparations should be affected by the differentials, and found that in the Potlatch Case there should be no reparation by reason of the differentials. The petitions were denied. 16 Interst. Com. R. 465.

Plaintiff was never before the Commission, but brought this suit for reparation, which was awarded by the District Court, based on the findings in the first three cases and the 55-cent rate, but the court refused any reparation based on the differentials established in the Potlatch Case. That refusal presents the sole ground for appeal.

Plaintiff's case rests wholly upon the stipulated facts found in the reports of the above cases. In the first three cases there is clearly nothing relating to reparation as affected by differentials. The statement at the end of each report in the above cases, that all reports should be read together, had nothing to do with the question of reparations. If anything in the first three reports is to be taken as a justification for the reparation asked in this case, then it would likewise be a justification for the reparation refused in the Potlatch Case.

[1] Evidence that may condemn a rate does not necessarily justify reparation. In the Potlatch Case the Commission went to the evidence produced during a very thorough and searching investigation of the whole question of rates, reparations and differentials, and from it found, in its report of June 22, 1909, that no reparation should be made under the facts in the Potlatch Case. That was the practice In Re Wool, Hides & Pelts, 25 Interst. Com. R. 675 (678); Sapulpa Refining Co. v. Director General, 62 Interst. Com. R. 493 (494); Anadarko Cot-

ton Oil Co. v. A., T. & S. F. Ry. Co., 20 Interst. Com. R. 43 (49), and was recognized and approved by the Supreme Court:

"There are cases in which a rate, reasonable when made, becomes unreasonable as the result of a gradual change in conditions, so that no reparation is ordered even though a new rate be established for the future." Baer Bros. v. D. & R. G. R. Co., 233 U. S. 479 (488), 34 Sup. Ct. 641, 644 (58 L. Ed. 1055).

[2] The Commission is authorized by statute to grant rehearings (34 Stat. 592, § 6 [Comp. St. § 8585]), and to modify its orders (36 Stat. 554, § 13 [Comp. St. § 8584]). The findings and orders of the Commission, upon the question of reparations are, by statute, made prima facie evidence of the facts therein stated, and that provision is not unconstitutional. Meeker & Co. v. Lehigh Valley R. R., 236 U. S. 430, 35 Sup. Ct. 328, 59 L. Ed. 644, Ann. Cas. 1916B, 691.

The only findings in the Potlatch Case are adverse to plaintiff's contention, and, as there is no other evidence, the judgment is affirmed.