## WESTERN MARYLAND RY. CO. et al. v. PENN VENEER CO. et al.*

### No. 6227.

Circuit Court of Appeals, Third Circuit.

Aug. 9, 1937.

W. W. Montgomery, Jr., of Philadelphia, Pa., for appellant Western Maryland Ry. Co.

J. F. Shrader, of Philadelphia, Pa., for appellant Baltimore & Ohio R. Co.

William F. Zearfaus, Charles Myers, and Barnes, Biddle & Myers, all of Philadelphia, Pa., for appellants Chesapeake & Ohio Ry. Co., Southern Ry. Co., Richmond, Fredericksburg & Potomac R. Co., Penn-

*Writ of certiorari denied 58 S.Ct. 146, 82 L.Ed. —.

sylvania R. Co., Norfolk & Western Ry. Co., Maryland & Pennsylvania R. Co., and Washington, Baltimore & Annapolis Electric R. Co.

Henry Wolf Bikle, of Philadelphia, Pa., of counsel.

Milbank, Tweed, Hope & Webb, of New York City, Duane, Morris & Heckscher, of Philadelphia, Pa., and Clarence G. Myers, of Philadelphia, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This is an appeal from two judgments of the District Court. The one for the Penn Veneer Company was for $8,345.34, and the one for the Pennsylvania Furniture Company was for $984.46, both bearing interest from August 15, 1933.

The proceedings are based upon an order of reparation for the above amounts made by the Interstate Commerce Commission against the defendants. Penn Veneer Company et al. v. Western Maryland Ry. Co. et al., 194 I.C.C. 317. Upon their failure to pay the award, the plaintiffs filed a petition in the District Court for its enforcement.

The order of reparation was based upon the finding of the commission in a six to five decision that the defendants had charged the plaintiffs unreasonable rates on certain interstate shipments of logs (185 I.C.C. 765) because they exceeded 65 per cent. of the rates charged for the interstate transportation of lumber between the same points. This finding reversed the ruling of division 3 of the commission. This division, consisting of three commissioners, had previously found that the rates on logs charged in the past were not unreasonable, though it did determine that rates on interstate shipments of logs in excess of 65 per cent. of the rates on interstate shipments of lumber between the same points would be considered unreasonable in the future. 176 I.C.C. 499. Commissioner McManamy, one of the members of division 3, dissented on the ground that the defendants, throughout the entire period of reparations in question, knew that they "regarded the 65 per cent. basis as a reasonable maximum for application on logs in this territory."

■ The defendants contend that the reparation order is legally defective because the commission failed to find that the rates on lumber, which constitute the standard, were reasonable. They argue that since the rates on lumber were not found to be reasonable, there can be no reasonable standard by which damages may be assessed, and that, therefore, the award must fall. They presented this same argument to the commission and the District Court, but both rejected it.

It must be kept in mind that the defendants did not at any time offer any evidence showing that the rates on lumber were unreasonable. The absence of such evidence would indicate that they are reasonable, for the published rate is the only legal rate and these rates may not be attacked in the courts until application has been made to the commission. When the defendants accepted the standard rates as reasonable, they cannot complain if the commission accuses them of charging unreasonable rates which exceed the standard. Van Patten v. Chicago, M. & St. P. Ry. Co. (C.C.) 81 F. 545; Pennsylvania Ry. Co. v. International Coal Mining Co., 230 U.S. 184, 33 S.Ct. 893, 57 L.Ed. 1446; Louisville & Nashville R. R. Co. v. Maxwell, 237 U. S. 94, 35 S.Ct. 494, 59 L.Ed. 853, L.R.A. 1915E, 665; Great Northern Ry. Co. v. Merchants' Elevator Co., 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943; Keogh v. Chicago & N. W. Ry. Co., 260 U.S. 156, 43 S.Ct. 47, 67 L.Ed. 183. For other cases on this point see 49 U.S.C.A. § 6(7), page 289.

■ There is no evidence that the commission acted capriciously in relating the rates on logs and lumber as it did in this case. In two previous cases it had considered the same question and found the same relationship of rates between logs and lumber to exist. Marvil Package Company v. N S. R. Co., 140 I.C.C. 78; Id., 146 I.C.C. 689; Williamson Veneer Co. v. Baltimore & O. R. Co., 159 I.C.C. 318; Id., 171 I.C.C. 687. It has never been established that this relationship is unreasonable. It has been held that the commission may relate the rate on one commodity to the rate on another commodity, and the absence of a finding that the standard is reasonable is not fatal. Mellon v. World Publishing Co. (C.C.A.) 20 F.(2d) 613.

■ The order of reparation constituted a prima facie case for the plaintiffs. Morgan Co. v. Great Northern Ry. Co. (C.C.A.) 285 F. 876; 49 U.S.C.A. § 16(2). The rates on lumber were known and have not been shown to be unreasonable. Since these rates, which constitute the standard

for computing damages in this case, are published and are the only legal rates, they are assumed to be reasonable. It follows that the related rates on logs are likewise reasonable, and when the rates charged by the defendants exceeded them, they were unreasonable.

The judgments of the District Court are, therefore, affirmed.