MARY COTTRELL, Landlord, Appellant, *v.* ARTHUR EROSS, Tenant, Respondent.

Supreme Court, Appellate Term, Second Department, December 21, 1950.

*Kermit Gitenstein* for appellant.

*Peter A. Grande* for respondent.

*Per Curiam.* The Temporary State Housing Rent Commission through its local rent administrator issued an " Order Granting Certificate of Eviction " to the landlord. The certificate reads in part:

" After consideration of all the evidence in the record and upon the grounds stated in Section 55 of the Regulations, the Local Rent Administrator finds that, subject to the conditions stated

below, eviction or removal of the tenant is not inconsistent with the purpose of the Emergency Housing Rent Control Law of 1950, and that a Certificate of Eviction should be issued.

"Therefore, it is ordered that a Certificate of Eviction be, and it hereby is, issued, authorizing Mary Cottrell to pursue his remedies at law for the removal or eviction of the above named tenant from the housing accommodations described above.

## "CONDITIONS

"The purpose for which eviction of the tenant is authorized is:

"For occupancy by landlord, Mary Cottrell and her immediate family. Court action to remove or evict the tenant shall not be commenced sooner than one month from the date of issuance of this order.

"NOTICE TO LANDLORD. This certificate shall not be used in connection with any action or proceeding to remove or evict the tenant unless such removal or eviction is sought for the purpose specified in this certificate."

At the conclusion of the trial below the court dismissed landlord's petition upon the ground that landlord failed to establish an immediate compelling necessity "such as would entitle her to possession of the tenant's apartment."

In our opinion the dismissal of the petition was error. Subdivision 1 of section 54 of the regulations provides that no tenant shall be evicted "unless on application of the landlord the Administrator shall issue a certificate permitting the landlord to pursue his remedies at law * * *. The Administrator may so certify if the removal or eviction meets the requirements of Sections 55, 56, 57, 58 or 59".

Subdivision 1 of section 55 of the regulations provides that "A certificate shall be issued where the landlord seeks in good faith to recover possession of housing accommodations because of immediate and compelling necessity for his own personal use and occupancy". Under chapter 250 of the Laws of 1950, and the regulations promulgated thereunder, prior to the issuance of a certificate, the tenant is afforded an opportunity to be heard in opposition; and in the event the commission sees fit to issue a certificate the tenant may file a protest and be heard thereon. If the administrator rules adversely to the tenant upon the protest the tenant is permitted, under chapter 250 of the Laws of 1950 and the regulations thereunder, to seek a judicial review pursuant to article 78 of the Civil Practice Act. It would seem, therefore, that where a summary proceeding is

based upon a certificate such as here issued the question of landlord's good faith and compelling necessity is not before the trial court; the introduction of the certificate into evidence is proof conclusive upon the court that as a prerequisite to the issuance of the certificate landlord's good faith and compelling necessity had been established to the satisfaction of the Rent Administrator.

Subdivision 3 of section 54 provides that no certificate shall be used in connection with any eviction proceeding unless the eviction is sought for the purpose specified in the certificate. At the trial of the instant proceeding, therefore, the sole issue before the court was whether the certificate was being used for the purpose specified therein, i.e., whether landlord sought to evict the tenant from the apartment " for occupancy by landlord, Mary Cottrell and her immediate family." There is no evidence to indicate that the certificate was not being used for that purpose.

The final order should be unanimously reversed, upon the law and facts, with $30 costs to landlord, and final order directed for the landlord with appropriate costs in the court below. Issuance of warrant stayed until January 31, 1951, on condition that tenant continue to pay the same rent as heretofore.

Steinbrink, Fennelly and Hooley, JJ., concur.

Final order reversed, etc.