Ernest Pontello et al., Landlords, Appellants, *v.* Dennis O'Shea, Tenant, Respondent.

Supreme Court, Appellate Term, First Department, May 17, 1951.

*Louis Fusco, Jr.,* and *Thomas Cartelli* for appellants.

*Frederick W. Eggert, Jr.,* for respondent.

*Per Curiam.* The administrator's certificate was controlling (*Cottrell* v. *Eross,* 198 Misc. 859).

In addition, since the determination below, the State Residential Rent Law was amended so as to provide that the order of the commission granting a certificate of eviction shall be subject to judicial review only by means of an article 78 proceeding (L. 1946, ch. 274, § 9, as amd. by L. 1951, ch. 443).

The final order should be reversed, with $30 costs, and final order directed for landlords as prayed for in petition, with costs.

EDER, J. (dissenting). I vote to affirm the final order in favor of the tenant.

I am unable to concur in the ruling of the Appellate Term, Second Department, in *Cottrell* v. *Eross* (198 Misc. 859).

The *Cottrell* case holds that where (as here) a summary proceeding is based upon a certificate issued by the State Rent Administrator that the landlords seek in good faith possession of the housing accommodations because of immediate and compelling necessity for his own personal use and occupancy, in such summary proceeding to recover possession the question of the landlord's good faith and compelling necessity is not before the trial court, and that the introduction of the certificate in evidence is proof *conclusive* upon the court as to the landlord's good faith and compelling necessity. In net result, that the certificate of the Rent Administrator is *res judicata* as to the landlord's good faith and compelling necessity.

This position of the court appears to be in conflict with the views expressed in cases involving the legal effect and extent of administrative ruling and determinations.

It is to be noted that there is nothing in the statute creating the Temporary State Housing Rent Commission which declares what effect its rulings, orders and determinations shall have upon the courts. Nowhere is it provided that any such ruling, order or determination, shall, in any judicial action or proceeding, constitute prima facie evidence of the facts therein stated or that it shall be *conclusive* upon the courts and shall bar the trial of any fact or finding therein mentioned and determined. The court in the *Cottrell* case cited no authority to support its view.

Where administrative agencies function as quasi-judicial bodies, their rulings, orders and determinations are given recognition by the courts insofar as it is possible to uphold them. But their rulings, orders and determinations are not so conclusive as to deprive the courts of jurisdiction to try the issue

or issues which are essential to a determination regarding the relief which the litigant seeks.

This is recognized and there are instances where there are statutory provisions making the findings and orders of an administrative body prima facie evidence of the facts therein stated and also declaring that the offer in evidence of the findings and order makes out a prima facie case for the plaintiff; for example, subdivision (2) of section 16 of title 49 of the United States Code, relating to orders of the Interstate Commerce Commission and providing for the enforcement thereof.

Therein it is provided that if a carrier does not comply with an order of the commission a suit may be brought in a Federal or State Court for damages and that such suit shall proceed in all respects like other civil suits for damages — " except that on the trial of such suit the findings and order of the commission shall be prima facie evidence of the facts therein stated ". (See, in this connection: *Meeker & Co.* v. *Lehigh Vall. R. R. Co.*, 236 U. S. 412; *Southern Ry. Co.* v. *Eichler*, 56 F. 2d 1010; *Western Maryland Ry. Co.* v. *Penn Veneer Co.*, 92 F. 2d 146, certiorari denied 302 U. S. 745, and *Kanawha Black Band Coal Co.* v. *Chesapeake & Ohio Ry. Co.*, 107 W. Va. 469, certiorari denied 280 U. S. 602.)

These cases hold that such a statutory provision, at most, is merely a rule of evidence; that it is not conclusive, but only establishes rebuttable presumptions. In the *Meeker* case the court said (p. 430):

" It is also urged, as it was in the courts below, that the provision in § 16, that, in actions like this, ' the findings and order of the Commission shall be *prima facie* evidence of the facts therein stated ' is repugnant to the Constitution in that it infringes upon the right of trial by jury and operates as a denial of due process of law.

" This provision only establishes a rebuttable presumption. It cuts off no defense, interposes no obstacle to a full contestation of all the issues, and takes no question of fact from either court or jury. At most therefore it is merely a rule of evidence. It does not abridge the right of trial by jury or take away any of its incidents. Nor does it in any wise work a denial of due process of law."

In *Southern Ry. Co.* v. *Eichler* (*supra*) the court said (pp. 1017–1018): " But the evidence may always be examined to ascertain whether the findings of the Commission are properly supported   *   *   *   and, in an action to enforce reparation

awarded a shipper, the findings and order of the Commission are prima facie only, and not conclusive evidence of the facts therein stated.''

There being no statutory enactment to the effect that the order or certificate of the Rent Administrator shall be prima facie evidence of the facts therein stated, the landlord had the burden of proving good faith and compelling necessity and was required to proceed in all respects like in any other civil suit.

Nor is there any enactment that such order or certificate shall, in any suit, be conclusive evidence of the facts therein stated.

Such a provision would be unconstitutional as a denial of due process of law; it would cut off defense and interpose an absolute, insurmountable barrier to a full trial of all the issues and would take away every question of fact stated in the order or certificate from either court or jury, features to which the court made reference in the *Meeker* case.

The danger of accepting the view reached in the *Cottrell* case is buttressed by the knowledge that the hearings before the Rent Administrator are informal and are not governed by recognized rules of evidence or the safeguards of judicial trial, and that the rulings, orders and determinations are made in many instances by lay employees.

It is significant that the Federal statute does not attempt to make the findings and orders of the administrative agency *conclusive* on the courts or parties but rests content to declare that they shall only constitute prima facie evidence of the facts therein stated, subject to rebuttal upon the trial.

The certificate of the Rent Administrator is controlling only to the extent that his determination that a case has been made by the landlord warranting the issuance of authority to *institute* a summary proceeding to recover possession in good faith and by reason of compelling necessity, cannot be attacked on the trial of the summary proceeding. But it cannot bar the right of the tenant to litigate those issues at the trial or foreclose the court or jury from determining them.

Carried to an ultimate conclusion, a construction holding that the Rent Administrator's certificate is conclusive on the court and jury as to the issues of good faith and compelling necessity, appears to be in derogation of the principle of separation of departments and would make the judicial branch subordinate to an administrative agency.

For the reasons here given I am unable to concur in the views and conclusion reached in the *Cottrell* case, and accordingly vote to affirm the final order in favor of the tenant.

## ADDENDA

Since this opinion was written, chapter 443 of the Laws of 1951, effective April 2, 1951, was enacted, and is referred to in the *Per Curiam* opinion, as seemingly relevant and controlling. I fail to see its significance or effect here. Section 9, thereof, entitled " Judicial Review " merely provides in subdivision 1 that any party who is aggrieved by the final determination of the commission relating to a certificate of eviction may seek a review thereof pursuant to the provisions of article 78 of the Civil Practice Act, by application to the Supreme Court.

This in no way affects the basic question here in concern, viz., whether the issuance of a certificate of eviction by the commission is *conclusive* upon the courts as to the landlord's good faith and compelling necessity and constitutes *res judicata* with respect thereto and cannot be inquired into by the court upon the trial of a summary proceeding to recover possession.

I see no reason for any change of view and adhere to my opinion (*supra*) in all respects.

HAMMER and HECHT, JJ., concur; EDER, J., dissents in opinion.

Final order reversed, etc.