William T. O’Connell,
J. On the trial of this holdover proceeding, petitioners established to the court’s satisfaction that the proceeding was brought by them in good faith for the purpose specified in the certificate of eviction issued by the Commissioner of Housing and Community Renewal of the State of New York, Executive Department, Division of Housing and Community Renewal.
The tenant, on the other hand, over objection, offered in evidence certain proof in an attempt to have the court go into the facts dealing with the rendering of the decision granting the certificate of eviction. Such evidence cannot be considered in this summary proceeding and can be considered only in an article 78 proceeding. The court at this time sustains the objection made by the petitioners’ counsel, and strikes the tendered proof concerning the facts dealing with the rendering of the decision granting the certificate of eviction from the record.
In a summary proceeding based upon a certificate of eviction, the grounds upon which it is based are not in issue before the trial court, where the landlord’s right thereto has been established to the satisfaction of the District Rent Director (83 Ridge St. Corp. v. Schnitzer, 199 Misc. 826; 150 Holding Corp. v. Cain, 160 N. Y. S. 2d 640; Pontello v. O’Shea, 200 Misc. 417; Cottrell v. Eross, 198 Misc. 859).
An order of the Commissioner of Housing and Community Renewal directing the issuance of a certificate of eviction to a landlord may be attacked only in an article 78 proceeding (Ballou v. Reid, 106 N. Y. S. 2d 939).
*306 An article 78 proceeding is the exclusive method provided for the judicial review of an order of the agency involved in the issuance of the certificate of eviction (Montalbano v. De Luzio, 39 Misc 2d 834, and the cases cited therein). (See, also, 535-7 West 163rd St. Inc. v. Otero, N. Y. L. J., April 8, 1969, p. 2, col. 5; affd. N. Y. L. J., June 20, 1969, p. 2, col. 5.)
Accordingly, this court decides and determines as follows:
Final judgment of possession is rendered in favor of the petitioners against the respondent, awarding to said petitioners delivery of possession of the premises described in the petition by reason of the expiration of the respondent’s term.
Issuance of warrant is stayed to and including September 30, 1969.
Use and occupancy to be paid at rate of last rental.