OPINION OF THE COURT
Bentley Kassal, J.
Is the tenant a necessary party in a CPLR article 78 proceeding which seeks an order authorizing his eviction? Since neither party herein, the landlord or the city rent control office has served the tenant, I am considering this issue sua sponte.
FACTS
The facts with respect to the above issue are relatively simple. In June, 1979, the landlord applied to the Office of Rent Control of the City of New York for a certificate of eviction to gain possession of a rent-controlled apartment, occupied for 35 years by the 74-year-old tenant. The tenant submitted a two-page answer and, thereafter, appeared with an attorney at a conference at the district rent office. *435 After that conference, in November, 1979, the district rent director issued an order denying the landlord’s application.
In December, 1979, upon due service on the tenant’s attorney, the landlord filed a protest of that order with the Commissioner of the Department of Rent and Housing Maintenance, to which the tenant’s attorney interposed an answer. In turn, this was followed by another conference attended by the landlord and his attorney and the tenant and his attorney. Thereafter, both attorneys submitted further documentation.
Finally, on May 22, 1980, the Commissioner of the Department of Rent and Housing Maintenance denied the protest and affirmed the decision not to issue a certificate of eviction. That constituted the last level of administrative appeal and the landlord commenced this CPLR article 78 proceeding to compel the Office of Rent Control to issue the certificate of eviction.
Although in the past the tenant and, at times, his attorney, have been served with all prior papers, pursuant to section 95 of the Rent and Eviction Regulations, in this proceeding, the landlord has only named and served the Office of Rent Control as respondent. The Office of Rent Control followed suit and only responded to the landlord, without bringing the tenant into this proceeding.
CONCLUSION
While it is true that the determination challenged was made by the Office of Rent Control, obviously the tenant is vitally interested in the outcome of this proceeding. From the vigor of his prior submissions and appearances at the administrative level, it is clear that the tenant desires to retain his home of 35 years, an interest which is obviously deeper than that of the Office of Rent Control in upholding its determination.
If the result of this proceeding is that the Office of Rent Control issues a certificate of eviction, the landlord will be able to immediately commence summary proceedings to dispossess the tenant. In such proceedings the tenant would be absolutely barred from collaterally attacking that order. *436 (Giglio v Loschiavo, NYLJ, Aug. 31, 1976, p 10, col 5; Rent & Mgt. Assoc. Corp. v Gossin, 61 Misc 2d 305; see, generally, Chatsworth 72nd St. Corp. v Rigai, 71 Misc 2d 647, affd 74 Misc 2d 298, affd 43 AD2d 685, affd 35 NY2d 984.)
Under such circumstances the tenant faced with a summary proceeding in which he, above all, has a vital interest, but would be barred from submitting a defense by reason of the failure to give him notice in this proceeding. Such a result would clearly violate fundamental due process. (Mullane v Central Hanover Trust Co., 339 US 306, 313.) This is unfair and will not be condoned.
Accordingly, the petition is dismissed, without prejudice to commencement of a new proceeding, based upon service on the Office of Rent Control and the tenant or his attorney.