OPINION OF THE COURT
John G. Connor, J.
This instant motion for summary judgment resolves into a single issue: Does the finding of an administrative law judge at a Department of Motor Vehicles hearing held pursuant to section 510 of the Vehicle and Traffic Law of the State of New York constitute either collateral estoppel or res judicata so as to preclude the defendant and entitle the plaintiff to judgment. For the reasons set forth, this court concludes that it does not.
The doctrines of res judicata and of collateral estoppel are grounded in the theory that a party should not be permitted to relitigate matters already litigated. There are many rationales for the rule not least of which are the notions of judicial economy and the prevention of possible conflicting outcomes. For this reason, the doctrines always required that there be a final judgment or final order. (Bannon v Bannon, 270 NY 484.) Indeed, much of the early case law upon the point dealt with the sufficiency of the determination and the finality of the determination as a predicate to the use of either doctrine.
This court does not doubt that the doctrines of res judicata or of collateral estoppel might well be applied to administrative determinations to control the outcome of litigation. This, however, is not such a case.
*149 The defendant does have a constitutional right to a jury trial and this court will not deny this right upon the advanced doctrines unless the rationales for the doctrines compel the result. In the case of a hearing under section 510 of the Vehicle and Traffic Law, the rationales do not compel the result. Although the defendant has the right of subpoena (Vehicle and Traffic Law, § 510, subd 7), the key to the present determination is the type and weight of proof at the hearing whose outcome is now sought to be used to deprive the defendant of her day in court. The Court of Appeals has concluded that the level of proof at such a hearing is “substantial evidence” and that this level of proof is the standard of review under CPLR article 78. (.Matter of McKenzie u Fisher, 39 NY2d 103.) This quantum of proof is well known from administrative practice and falls far short of the level required in civil actions.
In reaching the conclusion that the administrative determination is not sufficient, this court is not unmindful of Werner v State of New York (53 NY2d 346). In that case the plaintiff’s act in applying for workers’ compensation was the touchstone of the holding against the plaintiff. Similarly, plaintiff’s reliance upon Capital Tel. Co. v Pattersonville Tel. Co. (56 NY2d 11) is misplaced. There, Judge Meyer held that the doctrines of collateral estoppel and of res judicata did not apply to bar an action subsequent to a Public Service Commission determination. As he found there, so this court finds here, the issues are not identical and more importantly here, that the issues were not necessarily decided between the parties in the prior determination.
Summary judgment denied.