OPINION OF THE COURT
Per Curiam.
Final judgment entered June 4, 1984 and order dated July 11, 1984 are reversed, without costs, and the matter is remanded to the Civil Court for a new trial.
Landlord, a Housing Development Fund Corporation, organized under New York Private Housing Finance Law article 5, notified tenant of its intention to terminate tenant’s lease *1033 based upon tenant’s alleged disruptive behavior. Tenant was simultaneously notified of her entitlement to participate in a review of the decision to terminate her tenancy. Tenant elected to participate in such a review, and the landlord, a self-administered entity, designated an employee of its management company to conduct a "hearing” addressed to the propriety of the determination to terminate the tenancy.
Although the tenant was represented by counsel at the subsequent hearing, the "hearing officer” had no legal training, the witnesses who testified did not testify under oath and the testimony adduced at the hearing was not recorded in any fashion. After the "hearing officer”, in an opinion dated July 11, 1983, concluded that landlord "was justified in deciding to terminate the tenancy [at issue]”, the landlord initiated the instant holdover proceeding.
The 1981 lease between the parties reflects that the landlord had entered into a housing assistance payments contract with the Secretary of Housing and Urban Development (HUD). Paragraph 8 (b) of that lease provides that landlord’s right to terminate the lease is governed by the regulation of the Secretary of HUD at 24 CFR part 450 (hereafter HUD regulation [now 24 CFR part 247]) and further provides that those regulations are incorporated by reference and made a part of the lease.
Under the HUD regulation the tenancy may be terminated only on the ground of material noncompliance with the rental agreement, or on other good cause (24 CFR former 450.3 [a] [1]; [a] [3]); and the termination notice must be in writing, state that the tenancy is terminated on a specific date certain, and "advise the tenant that if a judicial proceeding for eviction is instituted the tenant may present a defense” (24 CFR former 450.4 [a] [3]). Parenthetically, the HUD regulation also provides that "[t]he failure of the tenant to object to the termination notice shall not constitute a waiver of his rights to thereafter contest the landlord’s action in any judicial proceeding” (24 CFR former 450.4 [f]).
The HUD regulation does not require and, indeed, makes no mention of, a "hearing” such as "afforded” tenant in the case at bar; and we find no basis for concluding that the Civil Court was bound by the determination of the ad hoc hearing officer, a determination which, as already noted, was predicated upon unsworn and unrecorded testimony. That determination should not be confused with, and lacks the authority of *1034 a certificate of eviction issued by the Commissioner of the New York State Department of Housing and Community Renewal, after a duly authorized and duly conducted agency hearing (cf. Phipps Plaza N. v Savarese, NYLJ, July 6, 1983, p 6, col 3 [App Term, 1st Dept]; Rental Mgt. Assoc. Corp. v Gossin, 61 Misc 2d 305; 9 NYCRR 1727-5.3).
In the court below, the substantive evidence introduced by the landlord consisted of little more than the determination of the "hearing officer”. The landlord argued that the court below was bound by the determination of the "hearing officer” and the court below apparently acceded to that argument. That perhaps explains the paucity of landlord’s proof in a case in which, as the record reflects, five neighboring tenants were in the courtroom prepared to testify against the tenant, but were never called to the witness stand. Following the sparse proof offered by the landlord, the tenant was precluded by the court below from presenting even a most rudimentary defense. Thus tenant was not even allowed to testify as to whether or not she had harassed another tenant. This circumscription of tenant’s case was in derogation of tenant’s right under the HUD regulation to present a defense (24 CFR former 450.4 [a] [3]), and accordingly a new trial is required. Nothing in this opinion should be construed as reflecting on the merits of this proceeding.
Hughes and Sandifer, JJ., concur.