*991 OPINION OF THE COURT
Joan A. Madden, J.
Petitioner moves for summary judgment claiming respondents are barred from litigating their claim of succession rights as a result of the New York City Department of Housing Preservation and Development’s (HPD’s) denial of their appeal regarding this issue.
The underlying action is a summary proceeding wherein petitioner seeks to recover possession of the subject premises, and respondents claim succession rights to the premises based upon a familial relationship with the tenant of record, Kung Fay Lee, who died during respondents’ alleged residency with him. Petitioner claims respondents’ residency was without its knowledge and consent, and was for a period of less than the two years required by the controlling regulations.[1] Respondents, Wee Leang Lee and Chun Fong Lee, assert, as the son and daughter-in-law of the tenant of record, that they openly resided with the tenant for more than two years prior to his death, and, thus, are entitled to succession rights.
The apartment, located in a Mitchell-Lama limited profit housing company organized under article 2 of the New York Private Housing Finance Law, is regulated and supervised by the HPD. During the pendency of this matter, 28 RCNY 3-02 (p) (8) (ii), which delineates the procedures when a claim of succession rights is asserted, was changed. Under the new regulations, the housing company (petitioner herein) makes an initial determination of the claim, and if the claim is denied, the family member may appeal to HPD.[2]
When HPD first considered this matter, pursuant to the prior regulations then in effect, a hearing was held before a Hearing *992 Officer at which it was to be determined if a certificate of eviction would be issued. The regulations required the witnesses be sworn, subject to direct and cross-examination, and their testimony recorded on tape. The admissible evidence was such evidence the Hearing Officer deemed "relevant and material”.[3] At the hearing, petitioner, represented by counsel, and respondents, Wee Leang Lee and Mei Kow Lee, both appearing pro se, were present. Respondent Chun Fong Lee did not appear. Apparently, at the hearing, respondents’ testimony, received through a Chinese interpreter, was unclear and the Hearing Officer was unable to make a determination. She notified the parties to reschedule the hearing. Subsequently, respondents retained an attorney, who requested and was granted a de nova hearing.
Prior to the de nova hearing, the changes in the rules and regulations of HPD were promulgated, and petitioner withdrew the matter from HPD. In accordance with the new rules and regulations, respondents’ request for succession rights was submitted to, and denied by, petitioner, and respondents appealed this denial to HPD. No formal hearing was held in conjunction with the appeal, although it appears both sides were permitted to submit documentary proof. To the extent discernable from the submissions to this court, petitioner submitted its records, including income affidavits, and respondents submitted immigration and naturalization records and *993 affidavits stating their residency in the premises for the required two-year period. The Hearing Officer denied the appeal finding that although respondents established that Chun Fong Lee is the tenant’s daughter-in-law, and Kung Fay Lee the tenant’s son, "petitioner’s records establish that the second element required for succession rights; mainly [sic] co-occupancy for a two year period prior to the death of the tenant of record was not satisfied in this case.” (Emphasis added.) Absent from the decision is any finding as to the specific length of respondents’ residency, if any, or, indeed, any specific finding as to the disputed facts.
Respondents, pursuant to the regulations, commenced a CPLR article 78 proceeding seeking a judgment declaring the determination of petitioner and HPD to be in violation of lawful procedure, arbitrary and capricious, and null and void. The article 78 petition was denied.
Petitioner’s claim in the instant proceeding is that it is entitled to summary judgment based upon the determination of the Hearing Officer denying respondents succession rights; specifically, that the issues determined by the Hearing Officer are identical to those in this proceeding, and, therefore respondent is collaterally estopped from relitigating the identical factual issues. Underlying this issue is whether respondents are foreclosed from asserting their succession rights on the grounds that respondents’ article 78 petition, the only statutorily permitted means of challenging the HPD determination, was heard and dismissed.
The principles of collateral estoppel are well established. "Collateral estoppel, or issue preclusion, may be invoked in a subsequent action or proceeding to prevent a party from relitigating an issue decided against that party in a prior adjudication * * * Whether the prior adjudication occurred in the context of an administrative determination, an arbitration or a full-fledged judicial proceeding, issue preclusion is applicable only if there is 'an identity of issues which has necessarily been decided in the prior action and is decisive of the present action, and [there was] a full and fair opportunity to contest the decision now said to be controlling.’ ” (Staatsburg Water Co. v Staatsburg Fire Dist., 72 NY2d 147, 152-153 [1988] [citations omitted].) In applying these principles to the facts of a particular case, the Court of Appeals cautioned that, "these principles are not to be mechanically applied as a mere checklist. Collateral estoppel is an elastic doctrine.” (Supra, at 153.)
*994 In the instant matter, neither the nature of the HPD proceeding nor the standards applied to the HPD determination and the judicial review thereof meet the requirements for issue preclusion.[4] Specifically, that HPD proceedings did not afford respondents a full and fair opportunity to be heard. The lack of a formal hearing at the agency level is particularly significant when viewed in the context of the change in the rules. The authority to decide the request for succession rights in the first instance now lies with the housing company, and the burden of proof is upon respondents to prove entitlement to succession (28 RCNY 3-02 [p] [3]). Thus, the change shifted the burden to respondents to challenge in an administrative appeal, the housing company’s denial. The housing company, which makes the initial determination, is not, like HPD, an impartial, disinterested agency, but rather a party who is asked to make a determination which by its nature requires it to consider the validity and accuracy of its records and documents, and/or the credibility of its employees. It appears to this court that this raises fundamental questions regarding the fairness and integrity of the procedure.
Furthermore, the next level of the procedure, the administrative appeal, provides neither for the taking of sworn testimony, nor a means of challenging the opponent’s proof, nor are there any rules for insuring the quality of the proof considered. The absence of an opportunity to present witnesses is of particular concern since the present regulations create a presumption, based upon the failure to list family members on annual income affidavits, that the individuals did not reside in the premises as their primary residence. (28 RCNY 3-02 [p] [3].) Presumptions are rebuttable and evidence in rebuttal is generally presented through the testimony of witnesses, where credibility is crucial to the determination. Absent such a hearing, respondents are denied the opportunity to challenge this presumption.
It is evident that the changes in the regulations resulted in critical differences in procedure, as well as the nature of the *995 evidence considered. "When scrutinized, the procedure under the present regulations does not comply with minimal standards of due process (Matter of Williams v White Plains Hous. Auth., 35 AD2d 965 [2d Dept 1970]). Specifically, the procedure fails to offer respondents the opportunity to present witnesses, to cross-examine petitioner’s witnesses or otherwise challenge its evidence in a meaningful way; and fails to insure the quality of the proof or to provide a record of the proceedings. (Supra; Associated Blind Hous. Dev. Corp. v Katz, 129 Misc 2d 1032 [App Term, 1st Dept 1985].)
Even assuming that the procedure employed by the agency met the minimum standard for administrative due process, the respondent is not precluded from maintaining this claim in the ensuing eviction proceeding. (City of New York v Scott, NYLJ, Aug. 11, 1995, at 25, col 3 [App Term, 1st Dept] [citing Matter of Henderson v Popolizio, 76 NY2d 972, 975 (1990)].) Justice Glen’s concurring opinion in Scott (supra) interprets the Court of Appeals in Henderson, "as carv[ing] out an exception for the general rule that challenges to an administrative determination may only be made in an Article 78 proceeding” (supra), in cases "where the tenant or family member merely received a minimal informal hearing at the agency” (citing City of New York v Torres, NYLJ, Apr. 27, 1995, at 28, col 5 [App Term, 1st Dept 1995]). Thus, the dismissal of the article 78 petition does not bar respondents from asserting their succession claim in this summary proceeding, given the minimal informal proceedings at HPD. (City of New York v Scott, supra; Matter of Henderson v Popolizio, at 975, supra.)
This distinction is implicit in decisions where issue preclusion has been granted. (See, e.g., Henry Phipps Plaza N. v Savarese, NYLJ, July 6,1983, at 6, col 3 [App Term, 1st Dept] [where a fact-finding hearing was held and tape recorded at DHCR]; Henry Phipps Plaza N. v Cavazos, NYLJ, Jan. 31, 1986, at 12, col 2 [App Term, 1st Dept]; Rental & Mgt. Assocs. Corp. v Gossin, 61 Misc 2d 305 [Civ Ct, NY County 1969] [where the issues involved a certificate of eviction by DHCR, presumably in each case after a hearing similar to the one in Henry Phipps Plaza N. v Savarese, supra].) This difference in the legal effect of decisions rendered after a formal hearing, and after a minimal informal hearing, is reflected in the continued distinction between writs which are the basis of article 78 petitions. The type of writ corresponds to the nature of the underlying proceeding, and determines the standards applied by the reviewing court. Where a party is afforded a trial type hearing *996 in which a party is "fully apprised of the claims of the opposing party” and is "given the opportunity to cross-examine witnesses, to inspect documents, and to offer evidence in explanation or rebuttal” (Matter of Hecht v Monaghan, 307 NY 461, 470 [1954]; see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7801:2), the proceeding has been considered quasi-judicial in nature. The agency’s determination is subject to certiorari review where the reviewing court evaluates the decision to determine if it is supported by substantial evidence. (CPLR 7803 [4].)
However if the agency’s proceedings lack the procedural fundamentals of a trial (Matter of 125 Bar Corp. v State Liq. Auth., 24 NY2d 174 [1969]), the determination is considered administrative in nature. Where a party is not given a trial type hearing, but only "an opportunity 'to be heard’, and to submit whatever evidence he or she chooses, and the agency may consider whatever evidence is at hand whether obtained through a hearing or otherwise” (Matter of Scherbyn v Wayne-Fingers Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757-758 [1991]), the determination is administrative in nature. On review, the court decides whether the determination has a "rational basis”. (Matter of Pell v Board of Educ., 34 NY2d 222, 231 [1974]; see, Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C7801:3.) In the case at bar, the reviewing court was bound by the rational basis standard in reviewing HPD’s decision as the decision was administrative in nature and the hearing lacked the procedural fundamentals of a trial. (Matter of 125 Bar Corp. v State Liq. Auth., supra.)
For the foregoing reasons, this court finds respondents were not afforded a full and fair opportunity to contest the HPD decision as the underlying proceedings lacked the procedural fundamentals of a trial. Thus, respondents are not precluded from asserting their claims of succession rights in this summary proceeding. Accordingly, petitioner’s motion for summary judgment is denied.

. According to the submissions, Kung Fay Lee was 84 years old. The present regulations require a one-year residency when the tenant of record is a senior citizen. (28 RCNY 3-02 [p] [3].)

. 28 RCNY 3-02 (p) (8) states:
"Where a family member applies to the housing company for permission to remain in occupancy as a tenant /cooperator, the housing company shall act on the application within thirty (30) days of receipt by either requesting that HPD approve the application or by denying the application and notifying the applicant family members in writing of its determination * * *
"(ii) A family member whose application to succeed to a lease has been denied by a housing company may, within thirty (30) calendar days of receipt of the written denial, appeal to the Assistant Commissioner of HPD having jurisdiction of the applicant’s housing company. Such appeal shall include proof of service of a copy of such appeal upon the housing company. The appeal shall briefly set forth the reasons why the family member believes he or she is entitled to occupy the apartment and any errors or erroneous findings
*992 he or she believes are contained in the housing company’s determination. The Assistant Commissioner of his or her designee shall review the housing company’s determination and any additional information submitted by the applicant and shall issue the final agency decision with regard to the applicant’s application. The only review of this determination is pursuant to Article 78 of the Civil Practice Law and Rules.”

. Article XVII, § 2 of the Rules and Regulations Governing City-Aided Limited Profit Housing Companies stated: "If, after ten days from the date of service of the preliminary notice of grounds for eviction, the tenant/ cooperator has not cured the breach of his lease/occupancy agreement, the housing company may request HPD to proceed to schedule a hearing at which the housing company shall present to the hearing officer its charges against the tenant / cooperator * * * All witnesses at the hearing shall be sworn to tell the truth. Witnesses may be examined and cross-examined by either party and by the hearing officer. The hearing officer may accept any evidence which he or she deems to be relevant and material. A tape recording of the hearing shall be made by the hearing officer, and the hearing officer shall arrange for a transcript of the tape upon the written request of either party, at the expense of the party requesting said transcript. In the event the hearing officer finds grounds for the eviction, he or she shall issue a certificate authorizing the housing company to commence summary proceedings for such eviction of the tenant/cooperator, stating the reasons for his or her decision.”

. This court notes the standards governing the procedures at HPD and in the article 78 review, differ significantly from those governing summary proceedings. Issue preclusion is not appropriate when there is a significant difference in the standards governing the prior action and the one in which preclusion is sought. While this principle has generally been used in circumstances where the substantive law applied differed (see, Cullen v Margiotta, 811 F2d 698, 732 [2d Cir 1987]; Matter of Strizak v Board of Regents, 29 AD2d 1013 [3d Dept 1968]), at least one court has recognized the difference in the quantum of proof as a distinguishing factor. (Courtney v Nuding, 120 Misc 2d 148 [Sup Ct, Saratoga County 1983].)