*240 OPINION OF THE COURT
Per Curiam.
Final judgment entered May 31, 1995 reversed and new trial ordered, with $30 costs to abide the event.
Tenant’s Federal rent assistance subsidy was retroactively revoked by her Mitchell-Lama cooperative after its project manager determined that a former employee had improperly placed tenant’s name ahead of other eligible tenants on the subsidy waiting list. The cooperative did not act to terminate tenant’s occupancy upon the ground of fraud. Rather, a nonpayment proceeding was commenced to recover that portion of the rent previously covered by the subsidy. After a trial, Civil Court found that "petitioner’s records were so poorly kept that it is not possible to determine whether [tenant’s] name was properly placed on the list”. However, the court reasoned that as it was "without jurisdiction” to resolve the issues, which "must be presented in a different forum”, it was required to grant the petition.
So far as appears, there is no procedure in place for review of project revocations of the particular subsidy at issue here. No hearing — formal or informal — was held, and there was no written notice to the tenant that her subsidy had been terminated as a result of the cooperative’s inquiry. In circumstances where there was no opportunity to be heard on the landlord’s claim at the administrative level, tenant should have been permitted to litigate the merits at the eviction proceeding (see, Matter of Henderson v Popolizio, 76 NY2d 972; Associated Blind Hous. Dev. Fund Corp. v Katz, 129 Misc 2d 1032 [App Term, 1st Dept]). In this case, tenant may defend against the cooperative’s rent claim on the ground that her subsidy was improperly terminated under the controlling Federal regulations. This defense bears directly upon the amount of unsubsidized rent sought in the petition.
Pending the outcome of the new trial which we direct, tenant shall continue to pay use and occupancy in accordance with this court’s order of August 9, 1995.
Parness, J. P., Freedman and Davis, JJ., concur.