■ In the Matter of Notre Dame Leasing Limited Partnership, Respondent, v Division of Housing and Community Renewal, Respondent. Ella Smith, Nonparty Appellant. [802 NYS2d 734]—

In a proceeding pursuant to CPLR article 78, inter alia, in the nature of mandamus to compel compliance with a stipulation dated December 18, 2000, entered into between Notre Dame Leasing Limited Partnership, and the Division of Housing and Community Renewal, Ella Smith, a tenant, appeals from an order of the Supreme Court, Queens County (Dorsa, J.), dated June 30, 2004, which denied her motion to be joined as a necessary party to the proceeding and to vacate a judgment of the Supreme Court, Queens County (Milano, J.), dated June 3, 2002, granting the amended petition and directing the Division of Housing and Community Renewal to restore the rent in accordance with the stipulation dated December 18, 2000, which resulted in a determination of the Division of Housing and Community Renewal dated June 12, 2003, issued in accordance therewith.

Ordered that the order dated June 30, 2004, is reversed, on the law, the motion is granted, the judgment dated June 3, 2002, and a determination of the Division of Housing and Community Renewal dated June 12, 2003, issued in accordance therewith, are vacated; and it is further,

Ordered that within 20 days after service upon it of a copy of this decision and order, the petitioner is directed to serve and file a second amended petition adding Ella Smith as a party respondent, and all further proceedings are stayed until such joinder has been accomplished; and it is further,

Ordered that Ella Smith and the Division of Housing and Community Renewal are directed to serve and file answers to the amended petition within 20 days after service upon them of a copy of the second amended petition; and it is further,

Ordered that one bill of costs is awarded to Ella Smith.

In 1995 the nonparty-appellant, Ella Smith (hereinafter the tenant), a tenant in a rent-controlled apartment, obtained from the Division of Housing and Community Renewal (hereinafter the DHCR), a reduction in rent against her landlord, Notre Dame Leasing Limited Partnership (hereinafter the landlord), for failure, inter alia, to maintain proper vermin control. Over the ensuing years, in an effort to restore the rent, the landlord and the DHCR engaged in protracted, highly convoluted, and occasionally duplicative administrative and judicial proceedings, including parallel applications to restore the rent, numerous petitions for administrative review, and multiple proceedings pursuant to CPLR article 78.

In order to resolve one such CPLR article 78 proceeding, the landlord and the DHCR entered into a stipulation, dated December 18, 2000 (hereinafter the Stipulation), which provided, in relevant part: "Upon the reopening of this matter before DHCR, with proper notice thereof to both parties therein, Petitioner-Landlord shall schedule an extermination at the subject apartment on a date and time from Monday through Friday between 9:00 AM to 5:00 PM, with ten (10) days notice to the tenant, and notice thereof to DHCR. The tenant may reject this date by written notice to the Landlord and to the DHCR, but if the tenant rejects the Landlord's date she must provide the Landlord with three alternative dates, within 10 days written notice to the Landlord prior to the earliest date, from Monday through Friday between 9:00 AM and 5:00 PM, for the extermination. If the tenant rejects the Landlord's scheduled date and fails to provide alternative dates and times for the extermination within 45 days of the reopening of this matter by the DHCR the tenant will be deemed to have consented to the rent restoration effective as of the date of the Landlord's last rent restoration application. Upon receipt of such notice, DHCR shall schedule an inspection of the subject premises, to be conducted within 20 (twenty) days of such scheduled extermination. In the interim, Petitioner-Landlord, at its option and with

tenant's consent may schedule a cleaning for the removal of any and all residual droppings and/or carcasses. If the tenant fails to provide the Landlord access for such cleaning prior to the date scheduled for the DHCR's inspection the tenant will be deemed to have consented to the Landlord's most recent rent restoration application and the rent will be restored retroactive to the date that application was filed."

Although the Stipulation purported to impose specific and detailed obligations on the tenant, with substantial penalties in case of noncompliance, the tenant was neither a party to the Stipulation nor a party to the proceeding in which it was entered. Nevertheless, after entry of the Stipulation, the matter was remitted to the DHCR, and the landlord later claimed that the tenant failed to abide by the terms of the Stipulation, and by letter dated August 22, 2001, to the DHCR's Rent Administrator, sought to restore the rent retroactive to June 25, 1997, the date of the landlord's most recent rent restoration application. While the administrative proceeding before the DHCR (hereinafter the underlying proceeding) was still pending, the landlord commenced the instant proceeding pursuant to CPLR article 78 in the nature of mandamus to compel the DHCR to enforce the terms of the Stipulation by issuing a rent restoration order, retroactive to June 25, 1997. In a determination dated February 22, 2002, the Rent Administrator denied the landlord's request for rent restoration and the landlord filed a petition for administrative review in the underlying proceeding. While the underlying proceeding was winding its way through the administrative process, the landlord filed an amended petition in the instant proceeding to compel the DHCR to retroactively restore the rent in accordance with the terms of the Stipulation. On April 18, 2002, the DHCR moved to dismiss the instant proceeding.

By judgment dated June 3, 2002, the Supreme Court explicitly found the nonparty tenant to be in default under the terms of the Stipulation, faulted the tenant for failing to respond to the amended petition (although she was a nonparty), and expressly directed the DHCR to "issue an order in favor of [the landlord] restoring the rent as more fully set forth in the December 18, 2000 stipulation." Approximately one year later, on June 12, 2003, the DHCR's Rent Administrator complied with the Supreme Court's directive and restored the rent retroactive to June 25, 1997, noting that "[d]uring the processing of the current case . . . the [landlord] filed another Article 78 proceeding . . . wherein the Court ordered that an order restoring rent be issued pursuant to the terms set forth in the stipulation dated

December 18, 2000." The tenant filed a petition for administrative review of the DHCR's determination dated June 12, 2003, which was dismissed as untimely. The landlord subsequently used the DHCR's determination dated June 12, 2003, as the basis for a summary eviction proceeding against the tenant, pending in the Civil Court, Queens County, under L & T Index No. 72589/03.

By order to show cause dated January 20, 2004, the tenant moved in the instant proceeding to be joined as a necessary party and to vacate the judgment dated June 3, 2002. The Supreme Court denied the motion and this appeal followed. We reverse.

Contrary to the contentions of the landlord and the DHCR, it is clear, under the highly unusual facts and procedural posture of this case, that the tenant is a necessary party to the instant proceeding. The landlord is not seeking to annul a prior determination of the DHCR and have the matter remitted to the agency for a new hearing in which the nonparty tenant would have an opportunity to appear, with counsel, and submit evidence in support of her position (see Matter of Whitney Museum of Am. Art [New York State Div. of Hous. & Community Renewal], 139 AD2d 444 [1988], affd 73 NY2d 938 [1989]). Rather, the landlord is preemptively seeking to compel the DHCR to issue an order finding the tenant in default of a stipulation to which she was never a party, and retroactively calling for the restoration of rent. Indeed, the DHCR already issued such an order on June 12, 2003, and the landlord is now relying on that order to evict the tenant in a Civil Court proceeding. Clearly, the tenant in this case not only "might be inequitably affected by a judgment" in this proceeding (CPLR 1001 [a] [emphasis added])—but has been so affected (see Matter of Magier v Joy, 105 Misc 2d 434 [1980]). Accordingly, her motion to be joined as a necessary party and to vacate the judgment dated June 3, 2002, should have been granted (see Matter of Boston Culinary Group, Inc. v New York State Olympic Regional Dev. Auth., 18 AD3d 1103 [2005]; Matter of Cybul v Village of Scarsdale, 17 AD3d 462 [2005]). Since the DHCR is a party to this proceeding, in the interest of judicial economy, we also vacate the DHCR's determination dated June 12, 2003, which was issued in accordance with the judgment dated June 3, 2002. H. Miller, J.P., Adams, Spolzino and Fisher, JJ., concur.