OPINION OF THE COURT
Frank M. Mora, J.
On July 15, 2015, a trial was held based on petitioner’s nonpayment summary proceeding which sought a warrant of eviction to recover possession of the above-captioned premises and $8,089 in rental arrears, plus fair use and occupancy, late fees, legal fees, costs, and disbursements. Adrienne Odierna, Esq., appeared on behalf of the petitioner. Jared Gilman, Esq., and Vinita Kamath, Esq., with Legal Services of the Hudson Valley, appeared on behalf of the respondent. Tammy Angel, assistant property manager for Rip Van Winkle House, LLC, testified for the petitioner. Chálese Bartee, respondent, testified on her own behalf. After hearing the witnesses’ testimony, reviewing the evidence, together with the papers and proceedings filed hereinbefore, and having duly deliberated upon same, the court finds and determines the matter as follows:
Findings of Fact
Respondent is a tenant at 10 Rinaldi Boulevard, apt 17R, Poughkeepsie, New York 12601, having entered into possession under a written lease with petitioner/landlord commencing December 1, 2014. The premises are part of a performance-based Housing and Urban Development (HUD)-subsidized housing project. Respondent promised to pay rent in the amount of $17 each month, which rent was subsequently adjusted to $1,406 after respondent failed to re-certify pursuant to the lease. (Petition, exhibit B, model lease for subsidized programs, f 4.)[1]
In particular, the lease provides that there will be regularly scheduled recertifications every year around October 1st, *695 wherein the landlord will request that the tenant report her income and the composition of the household in order to determine the tenant’s rent and assistance payment, if any. (Petition, exhibit B, model lease for subsidized programs, I 15.) Respondent failed to comply, her subsidy was eliminated, and the rent she became responsible for each month was increased — which respondent failed to pay.
On June 26, 2015, petitioner filed the instant nonpayment summary proceeding seeking a warrant of eviction and judgment in the amount of $8,089 for rental arrears, plus interest, late fees, and fair value of use and occupancy going forward, attorney’s fees, costs, and disbursements. Following a bench trial on the matter, the court gave the parties an opportunity to submit case law on the only legal issue before this court: whether service of a proper 10-day termination of subsidy notice must be pleaded or proved by petitioner in a nonpayment proceeding involving a project-based Section 8 complex, when the landlord is attempting to recover market-rate rent. Respondent contends that petitioner bears the burden to plead and establish this element at trial, and that the petition must be dismissed because petitioner failed to meet this burden. This court disagrees.
Analysis and Conclusions of Law
While improper termination of a Section 8 subsidy or defects in terminating a Section 8 subsidy bar the maintenance of a nonpayment proceeding (Starrett City, Inc. v Brownlee, 22 Misc 3d 38 [App Term, 2d Dept, 2d & 11th Jud Dists 2008], citing Bedford Gardens Co. v Rosenberg, NYLJ, Mar. 27, 1998 [App Term, 2d Dept, 2d & 11th Jud Dists]; Starrett City v Hamilton, NYLJ, Feb. 21, 1991 [App Term, 2d Dept, 2d & 11th Jud Dists]; see also 1199 Hous. Corp. v McCartney, 171 Misc 2d 239 [App Term, 1st Dept 1997]), same is a defense, not the burden of petitioner to prove as part of its prima facie case. (See e.g. Ramos v Federline, NYLJ, Jan. 16, 2008 at 28, col 1 [Civ Ct, Kings County] [it is a defense to a summary eviction proceeding that petitioner is seeking the wrong rental amount].) Here, there was no credible evidence detracting from Ms. Angel’s testimony that respondent was properly served with a 10-day notice advising her of an increase in her rent due to her failure to re-certify.
Indeed, Ms. Angel, the assistant property manager, specifically testified that respondent was properly served with a *696 10-day notice of termination of assistance in accordance with the lease terms. While Ms. Angel did not have the 10-day notice with her, this did not detract from her testimony, for it was only at the trial that the respondent raised this as a defense to the proceeding. Moreover, corroboration of the witness’s testimony is not necessary for this court to credit it.[2]
In her defense, Ms. Bartee, respondent, testified that she never received a notice of termination of assistance providing her with a rental subsidy which brought her rent up to market rate, but provided nothing to corroborate her defense that she was never served with the 10-day notice.
The court must determine the credibility of the witnesses. In assessing the truthfulness and accuracy of the testimony of each of the parties, it is the quality of the testimony that is controlling. While there is no particular formula to evaluate the truthfulness and accuracy of a party’s testimony, this court is empowered as the exclusive trier of fact to make its findings in large measure on considerations relating to the credibility of the witnesses who testified. (JD Sports, Inc. v D’Amico, 19 Misc 3d 134[A], 2008 NY Slip Op 50700[U] [App Term, 2d Dept. 9th & 10th Jud Dists 2008].) This court credits the testimony of Ms. Angel. Petitioner presented a credible witness to support the claim that the subsidy was properly terminated and the respondent was notified of the market rent charges, that the proper procedures were followed, and that respondent failed to provide petitioner with the necessary paper work. Respondent’s self-serving unsupported conclusory allegation that she was never served with the notice was not sufficient to mount a convincing defense that the petition should be dismissed. Finally, this court declines to adopt respondent’s argument that the burden rests with the petitioner in that compliance with the subsidy termination notice requirements must be pleaded and proved at trial by petitioner. Instead, it is the holding of this court that improper termination of the subsidy is a defense that tenant may raise against the landlord who is seeking to recover market rental arrears. (See generally East Harlem Pilot Block Bldg. 1 HDFC v Cordero, 196 Misc 2d 36, 39 [Civ Ct, NY County 2003].)
*697 Petitioner’s request for late fees and attorney’s fees is denied regardless of the fact that the lease classifies same as “added rent.” Petitioner proceeds by authority of RPAPL 711, and in the case of a rent regulated tenant, late fees and attorney’s fees cannot be imposed as “rent” because the rent regulation laws do not permit a landlord to unilaterally charge rents outside the permissible limits of the rent laws. (Tivoli Assoc. v Wing, 122 Misc 2d 901 [Civ Ct, Kings County 1984]; Rip Van Winkle House v Betterton, 35 Misc 3d 1221[A], 2012 NY Slip Op 50803[U] [Poughkeepsie City Ct 2012].) Alease involving a subsidized housing program cannot make attorney’s fees or other charges part of the “rent.” (Crystal World Realty Corp. v Sze, 2001 NY Slip Op 50035 [U] [App Term, 1st Dept 2001], citing Newshan v Baranowski, NYLJ, May 31, 1995 at 31, col 6 [App Term, 2d Dept]; Silber v Schwartzman, 150 Misc 2d 1, 2 [App Term, 1st Dept 1991]; 4220 Broadway Assoc. v Perez, 187 Misc 2d 602 [App Term, 1st Dept 2000] [court vacated judgment and warrant where the landlord applied the tenant’s payments toward attorneys’ fees instead of rental arrears]; Park Towers Tenants Corp. v Gashi, NYLJ, Sept. 21, 1994 [App Term, 1st Dept].) Instead, a successful petitioner will have to resort to a plenary action to recover the attorney fees. (Michetti v Potts, 2003 NY Slip Op 50870 [U] [Civ Ct, Kings County 2003] [the non-rent air conditioning charges were dismissed without prejudice to file a plenary action]; TRB Cuttermill v Bigman, NYLJ, Nov. 25, 1994 at 32, col 2 [App Term, 2d Dept].)
Therefore, it is now ordered that the Clerk is directed to enter judgment in the amount of $9,495,[3] plus costs and disbursements in favor of the petitioner; and it is further ordered that the Clerk is directed to issue an immediate warrant of eviction; and it is further ordered that all claims for attorney’s fees and late fees are hereby dismissed without prejudice.

. This paragraph reads in relevant and pertinent part,
“The Tenant agrees that the amount of rent the Tenant pays and/or the amount of assistance that HUD pays on behalf of the Tenant may be changed during the term of this Agreement if: (f) the Tenant fails to provide information on his/her income family composition or other facts as required by the Landlord.”

. While respondent’s letter, dated July 17, 2015, argues that the witness who testified at trial regarding the service of the 10-day termination notice being served upon respondent on or about December 2014 did not have personal knowledge, there was no objection at trial to this testimony, and objections raised at this juncture are deemed stale.

. Rental arrears in the amount of $8,089, plus $1,406 for fair use and occupancy for July 2015.