OPINION OF THE COURT
Jose Rodriguez, J.
Petitioner, New York City Housing Authority (hereinafter NYCHA), commenced this holdover proceeding seeking possession of premises located at 680 Tinton Avenue, apartment 19G, Bronx, New York (hereinafter the subject apartment) after service of a 10-day notice to quit dated December 18, 2013. The predicate notice states that the tenant of record, Ramona Peguero, passed away on April 24, 2013 and respondent’s right of possession terminated on her death. Respondent filed an answer containing a general denial and affirmative defenses alleging that respondent is entitled to succeed to the tenancy and was not afforded a remaining family member (RFM) grievance hearing. All parties are represented by counsel.
Respondent Mordan is the 68-year-old widower of the deceased tenant of record, Ramona Peguero. Respondent alleges he resided in the subject apartment for two years with his wife. Mrs. Peguero submitted a permission request for respondent to join the household approximately one month prior to her death. Her request was approved by the property manager on May 17, 2013. By letter dated June 20, 2013 the respondent was informed that the manager mistakenly informed respondent that he could become head of household and sign a lease for the subject apartment. Respondent requested a remaining family member grievance to secure a lease for the subject premises. On August 7, 2013, the project manager denied respondent’s RFM grievance. The manager concluded that although the request to be added to the household was submitted and approved respondent failed to meet the requirement that he has been residing in the apartment for a year in order to claim RFM status. (See NYCHA Management Manual, ch IV, § XII.) By decision dated September 18, 2013 the Borough Director dismissed respondent’s RFM grievance finding that respondent failed to make any showing *826 to substantiate his claim. Respondent was denied any further right to appeal his claim to an impartial hearing officer. Thereafter, NYCHA commenced the instant summary licensee holdover proceeding and now moves this court for summary judgment. Respondent, now represented by counsel, argues that the motion for summary judgement should be denied because he was not afforded complete and full process in the grievance procedures resulting in triable issues of fact.
Summary judgment is awarded when there are no triable issues of fact. (Skyview Holdings, LLC v Cunningham, 13 Misc 3d 102, 105 [2006]; Alta Apts., LLC v Weisbond, 10 Misc 3d 40 [2005]; see also Soling v Little, 135 Misc 2d 871 [1987].) In Matter of McFarlane v New York City Hous. Auth. (9 AD3d 289, 291 [1st Dept 2004]), the Court stated the following:
“One type of circumstance that could be of critical importance in establishing a right to be treated as a remaining family member despite the absence of notice or written consent would be a showing that the Authority was aware of the petitioner having taken up residence in the unit, and implicitly approved it. This is so because the controlling statute and regulations express an overriding policy that the public housing authority administering the program should have the untrammeled authority to monitor and approve who lives in its buildings, in order to ensure the overall purpose of providing decent and safe housing to low income families (see 42 USC § 1437 [a] [1] [C]). Therefore, a showing that the Authority knew of, and took no preventive action against, the occupancy by the tenant’s relative, could be an acceptable alternative for compliance with the notice and consent requirements” (emphasis omitted).
Triable issues of fact may exist after an administrative proceeding if there is no formal hearing on the facts. (Chinatown Apts. v Chun Fong Lee, 168 Misc 2d 990 [1995].) In Chinatown Apts. v Chun Fong Lee, a residential landlord moved for summary judgment against tenants asserting succession rights. The court found that the informal administrative proceeding, which did not allow for sworn testimony nor an opportunity to present witnesses and cross-examine witnesses, did not provide adequate process. The respondents were therefore entitled to assert their succession claims in the pending summary proceeding and the petitioner’s motion was denied. (Id. at 994.)
*827 Here, respondent Mordan’s claim was dismissed by the Borough Director without a formal hearing on the facts. This court concludes that triable issues of fact likely exist. Therefore, summary judgment is not appropriate in the instant proceeding.
Petitioner’s motion for summary judgment is denied.