■ MICHAEL MINICK, Appellant-Respondent, v DARRAGH PARK, III, Respondent-Appellant. [629 NYS2d 754] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about September 30, 1994, in an action, *inter alia*, for a declaratory judgment that plaintiff landlord is entitled to possession of the subject rent stabilized apartment for the purposes of his own occupancy, and for ejectment of defendant tenant from the apartment, which order dismissed the complaint and the tenant's counterclaim for attorneys' fees upon the parties'

respective motions for summary judgment, unanimously modified, on the law, to declare that the landlord is not entitled to possession of the apartment, and to grant the tenant summary judgment on his counterclaim for attorneys' fees on the issue of liability, and otherwise affirmed, without costs.

The IAS Court correctly held that paragraph 33 of the lease, which required the landlord to give the tenant six months notice of lease termination in order to take possession of the apartment for his own personal occupancy, was not rendered void and unenforceable by Rent Stabilization Code (9 NYCRR) § 2524.2 (c) (3), which requires notice of not less than 120 days or more than 150 days prior to lease expiration in such circumstance. Ordinary principles of contract law and construction are applicable to leases for rent-stabilized apartments (*Matter of Century Operating Corp. v Popolizio*, 60 NY2d 483, 489). The statutory scheme simply establishes the minimum rights to be accorded tenants, and does not preclude a contract that gives a tenant greater rights.

Regarding the tenant's counterclaim for attorneys' fees, paragraph 20 of the lease entitles the landlord to recover attorneys' fees incurred not only in litigation brought because of a lease default by the tenant but also "for defending law suits * * * because of [the tenant's] actions". While the action here did not involve a lease default, the tenant did have to defend himself against an action brought by the landlord. Moreover, the term "default" is defined broadly in the lease to include the tenant's failure to carry out any agreement or provision of this lease. By ignoring the six-month notice requirement of paragraph 33, the landlord failed to carry out a provision in the lease. Since the inclusion of a clause giving the landlord the right to attorneys' fees accords the tenant a reciprocal right under similar circumstances (Real Property Law § 234), the tenant is, therefore, entitled to attorneys' fees. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.