OPINION OF THE COURT
 

 Graffeo, J.
 

 In this appeal, the owner of a building challenges the dismissal of its holdover proceeding against a tenant allegedly violating the maximum occupancy provision of the parties’ lease. We conclude that the proceeding was properly dismissed because the tenant was not afforded 10 days written notice to cure the alleged violation.
 

 Section 2504.1 of the Division of Housing and Community Renewal’s Emergency Tenant Protection Regulations sets forth restrictions regarding the removal of a tenant in a rent-
 
 *475
 
 stabilized housing accommodation. Prior to commencing a proceeding to recover possession based on a tenant’s wrongful act, an owner must give the tenant written notice to cure (9 NYCRR 2504.1 [d] [1] [i]). The notice must state the wrongful acts of the tenant, the facts necessary to establish such acts and “the date certain by which the tenant must cure said wrongful acts or omission,
 
 which date shall be no sooner than 10 days following the date such notice to cure is served upon the
 
 tenant”
 
 (id.
 
 subcl [c] [emphasis added]). A proceeding may not be maintained if the tenant cures the specified wrongful act “by or before the date specified” (§ 2504.1 [d] [1] [ii]). At the time relevant to this appeal, the regulations also provided that
 

 “[n]otices, orders, protests, answers and other papers may be served personally or by mail. When service is made personally or by mail, an affidavit by the person making the service or mailing shall constitute sufficient proof of service. When service is by registered or certified mail, the return post office receipt shall constitute sufficient proof of service” (9 NYCRR 2508.1 [a]).
 
 [1]
 

 Respondent tenant leases a one-bedroom apartment in Free-port, New York from petitioner owner. On September 8, 2000, owner served tenant with a “Notice of Default; Ten Days’ Notice to Cure; Thirty Days’ Notice of Cancellation,” alleging overcrowding in violation of the lease. The notice was sent by certified and regular mail on September 8, 2000, and set a “date certain” of September 18, 2000 for cure. It is undisputed that tenant received the notice on September 9, 2000, thus affording her only nine days to cure.
 

 After expiration of the 30-day cancellation period, owner commenced this holdover proceeding against tenant. Tenant moved to dismiss the petition on the basis that she did not receive the mandated 10-day opportunity to cure. Owner opposed the motion, arguing that the 10-day period commenced upon mailing of the notice on September 8 and that tenant therefore received the requisite time to cure.
 

 District Court dismissed the petition. In order to address the failure of the regulations to define when a mailed notice to cure shall be deemed served, the court “borrow[ed] the concept embodied in” CPLR 2103 by requiring owners to add five days
 
 *476
 
 to the prescribed period when serving by mail. Upon granting reargument, District Court adhered to its determination. Appellate Term affirmed. Although it agreed with District Court’s rationale “that the regulatory purpose was to afford a tenant the full 10 days prescribed in which to cure a breach,” the court rejected the addition of five days for service by mail in favor of a rule that service is complete upon delivery (190 Misc 2d 76, 77 [2001]). Owner appealed.
 

 The Appellate Division also affirmed the dismissal of owner’s petition. The Court defined service under the regulations “in terms of receipt rather than in terms of mailing” to effectuate the underlying policies and avoid “the possibility that, in a case involving an abnormally extended delay in the delivery of the mail, a tenant might not be told of the date within which he or she may cure a violation until after that date has actually passed” (307 AD2d 922, 923, 924 [2d Dept 2003]). Two Justices dissented and voted to reinstate the petition. The dissenting Justices viewed the plain meaning of the regulations as establishing that “the date of service is the date [the notice] was mailed as evidenced by a contemporaneous affidavit of service” and expressed concern that the Court’s holding rendered the provision permitting service by mail ineffective because the owner “will never be able to know when the notice is actually received”
 
 (id.
 
 at 925). The Appellate Division granted owner leave to appeal to this Court.
 

 Owner urges that, under the plain meaning of the regulations, service of the notice to cure was complete on September 8, the date the notice was mailed. Owner thus contends that the notice’s September 18 date certain complied with the regulations, notwithstanding that once tenant received the notice she had only nine days to rectify her alleged lease violation. In contrast, tenant asserts that because the regulations are silent with respect to when service of a mailed notice to cure is deemed complete, the courts below properly looked to the policies and intent underlying the regulations to resolve the issue. In light of these considerations, tenant argues that the regulation entitles her to the full 10-day cure period before a holdover proceeding may be maintained and that this Court should adopt District Court’s approach and require owners who mail notices to add five days when calculating the date certain by which tenants must cure. We agree with tenant and therefore affirm.
 

 In matters of statutory and regulatory interpretation, we have repeatedly recognized that
 

 
 *477
 
 “legislative intent is the great and controlling principle, and the proper judicial function is to discern and apply the will of the [enactors]. Generally, inquiry must be made of the spirit and purpose of the legislation, which requires examination of the statutory context of the provision as well as its legislative history”
 
 (Mowczan v Bacon,
 
 92 NY2d 281, 285 [1998] [internal quotation marks and citations omitted];
 
 see Matter of Sutka v Conners,
 
 73 NY2d 395, 403 [1989]).
 

 We are further guided by the tenet that regulations—like statutes—should be construed to avoid objectionable results
 
 (see People v Dozier,
 
 78 NY2d 242, 250 [1991]; McKinney’s Cons Laws of NY, Book 1, Statutes § 141;
 
 see also
 
 2 NY Jur 2d, Administrative Law § 184 [administrative regulations generally subject to same canons of construction as statutes]).
 

 The Division of Housing and Community Renewal (DHCR) adopted the regulations at issue in this case pursuant to its powers under the Emergency Tenant Protection Act of 1974 (ETPA [L 1974, ch 576, § 4, as amended];
 
 see
 
 9 NYCRR 2500.1). The Legislature enacted the ETPA to address the “serious public emergency” in housing across New York State as evidenced by “an acute shortage of housing accommodations” (McKinney’s Uncons Laws of NY § 8622 [ETPA § 2]). In the legislative finding for the most recent extension of the Act, the Legislature determined that “preventive action . . . continues to be imperative in order to prevent exaction of unjust, unreasonable and oppressive rents and rental agreements and to forestall profiteering, speculation and other disruptive practices tending to produce threats to the public health, safety and general welfare”
 
 (id.).
 

 As every court to consider this case thus far has recognized, the regulation that purports to answer the question of when service of a notice is complete does not actually do so. It identifies permissible service methods and what constitutes proof of service but fails to specify when such service is deemed to have occurred if service by mail is utilized. Reading the service provision (9 NYCRR 2508.1 [a]) together with the notice to cure regulation (9 NYCRR 2504.1 [d]), we conclude that District Court’s approach best effectuates the regulatory purpose to afford tenants a 10-day cure period before they may be subject to lease termination for designated violations. We therefore hold that owners who elect to serve by mail must compute the date certain by adding five days to the 10-day minimum cure period
 
 *478
 

 (see e.g.
 
 CPLR 2103 [b] [2]). In this manner, service will be deemed complete upon mailing, and a properly executed affidavit of service will raise a presumption that proper mailing occurred
 
 (see Kihl v Pfeffer,
 
 94 NY2d 118, 122 [1999];
 
 Engel v Lichterman,
 
 62 NY2d 943, 944-945 [1984]). “[M]ere denial of receipt is not enough to rebut this presumption”
 
 (Kihl,
 
 94 NY2d at 122).
 
 [2]
 
 By its terms, of course, CPLR 2103 applies to pending actions, and we therefore do not extend its applicability to the commencement of summary proceedings. We agree with District Court, however, that the addition of a definite number of days is necessary for service by mail to ensure that tenants are not disadvantaged by an owner’s choice of service method, and that such an addition provides a practical and fair solution to this regulatory ambiguity.
 

 The rule advocated by owner—which would define the act of mailing as completion of service and permit owners to calculate the “date certain” from that starting point—is inconsistent with regulatory purpose to provide tenants a 10-day opportunity to cure and would lead to unpredictable results. The Appellate Division and Appellate Term rule, deeming service complete upon a tenant’s receipt of the notice, is similarly flawed because an owner could not reliably compute and insert the date certain on the notice as required by the regulations. Instead, the rule we adopt balances the need for orderly and efficient resolution of lease violations with the stated legislative purposes of the ETPA. Here, the subject notice did not form a valid predicate for terminating the lease because the date certain as established by owner, when paired with the chosen service method, did not provide tenant the minimum 10-day cure period. Thus, owner’s holdover proceeding was properly dismissed on this ground. We encourage DHCR to amend its regulations consistent with this determination in order to provide better guidance to parties who elect to serve notices to cure by mail.
 

 Accordingly, the order of the Appellate Division should be affirmed, with costs. The certified question should not be answered upon the ground that it is unnecessary.
 

 Chief Judge Kaye and Judges G.B. Smith, Ciparick, Rosenblatt, Read and R.S. Smith concur.
 

 Order affirmed, etc.
 

 [1]
 

 . The regulation was subsequently amended to permit electronic service, among other changes.
 

 [2]
 

 . Indeed, the amended version of section 2508.1 (a) expressly provides that “[o]nce sufficient proof of service has been submitted to the division, the burden of proving nonreceipt shall be on the party denying receipt.”