OPINION OF THE COURT
Gerald Lebovits, J.
*633 Respondent is a recipient of a housing subsidy pursuant to section 8 of the United States Housing Act of 1937. (42 USC § 1437 et seq.) To continue receiving section 8 subsidies for each upcoming year, section 8 recipients must recertify annually on the anniversary date of their receiving their subsidy. When recertification is not completed by the anniversary date, the owner may, under certain circumstances, charge the tenant who failed to recertify the actual market value rent of the apartment.
Respondent’s recertification was scheduled to take place by October 1, 2003. Respondent did not recertify for the subsidy until February 2004. Petitioner charged market rent from October 2003 until February 2004. Petitioner later credited respondent for February and January 2004, and half of November 2003. Petitioner then commenced this nonpayment proceeding to recover the market value rent petitioner alleges is owed from October 2003 and half of November 2003. Respondent now moves to dismiss this proceeding. Respondent contends that petitioner failed to comply with the rules that govern the section 8 subsidy.
Department of Housing and Urban Development (HUD) Handbook 4350.3 REV-1 (“Occupancy Requirements of Subsidized Multifamily Housing Programs”), issued on June 12, 2003, sets out the procedures that must be followed both by owners seeking to charge their tenants market value rent and by tenants seeking to complete the annual recertification for a subsidy. (See East Harlem Pilot Block Bldg. 1 HDFC v Cordero, 196 Misc 2d 36, 40 [Civ Ct, NY County 2003].) Chapter 7 of the HUD Handbook establishes procedures tenants must follow to complete their annual recertification. The purpose of the annual recertification is to ensure that assisted tenants pay rent commensurate with their income. (Handbook ¶ 7-4 [A].) The HUD rules require the tenant to complete the annual recertification by the tenant’s “anniversary date,” which is the first day of the month that the tenant moves into the apartment. (Handbook ¶ 7-5 [B] [1].) In this case, respondent first moved into her apartment in October, making October 1 her anniversary date for each year’s recertification.
For an owner to charge market value rent, the owner must comply with the notice requirements established in chapter 7 of the HUD Handbook. (Handbook, figure 7-3 [“Recertification Notice Due Dates”].) The HUD Handbook has a series of four notices containing specific information the owner must give the *634 tenant to insure timely recertification. (Handbook ¶ 7-7 [A].) The HUD Handbook rules first require that the owner provide an initial notice of recertification to the tenant on the previous recertification anniversary date. (Handbook 11 7-7 [B] [1] [a].) The HUD Handbook next requires the owner to send a first recertification reminder notice to the tenant between 120 and 90 days before the tenant’s anniversary date. (Handbook H 7-7 [B] [2] [a].) If the tenant fails to respond to the first reminder notice within 30 days, the owner is required to provide a second reminder notice to the tenant between 90 and 60 days before the anniversary date. (Handbook H 7-7 [B] [3] [a].) If the tenant fails to respond to the second reminder notice, the owner must send a third reminder notice to the tenant between 60 and 30 days before the anniversary date. (Handbook 1i 7-7 [B] [4] [a].)
Respondent’s anniversary date was October 1, 2003. Petitioner provided respondent with the first reminder notice on July 1, 2003 — exactly 92 days before the anniversary date. Petitioner provided respondent with the second reminder notice on August 1, 2003 — 61 days before the anniversary date. Petitioner sent respondent the third reminder notice on September 2, 2003 — 29 days before the anniversary date. Respondent argues that, due to a recent Court of Appeals case, Matter of ATM One, LLC v Landaverde (2 NY3d 472 [2004]), owners are required to factor in an additional five days to mail the reminder notices and that petitioner’s notices are therefore untimely. The Landaverde court held that, if a landlord mails a 10-day notice to cure, the landlord must add five extra days when calculating the termination date. (See id. at 477-478.) The Landaverde court also held that the Division of Housing and Community Renewal regulations that provided for service of the notice were vague about when service was complete. (See id.) The Court further held that, due to the uncertainties of mail service, five days should be added to the termination date if the notice is mailed. The additional five days insures the tenant will have sufficient time to effectuate a cure. (Id.)
In this case, the HUD Handbook requires that the owners have “sent out” the reminder notices within a required number of days before the anniversary date. (Handbook, figure 7-3.) The plain meaning of the HUD Handbook’s rules is that the owner need mail the notice to the tenant only before the required number of days have passed. There is no need to add five extra days when an owner mails out the reminder notices. No uncertainty applies to the recertification date, and the plain *635 meaning of the HUD Handbook rules does not require adding five days for the mailing of a reminder notice. Moreover, although the Landaverde rule applies to all notices to cure, this case involves a recertification reminder notice, not a notice to cure. (See e.g. Southbridge Towers, Inc. v Frymer, 4 Misc 3d 804, 807-809 [Hous Part, Civ Ct, NY County 2004] [finding that Landaverde applies to notices to cure].)
Respondent next points to petitioner’s failure to provide the third reminder notice 30 days before the anniversary date as required by the HUD Handbook rules. Petitioner concedes that it sent the notice on September 2, 2003, but argues that there was no prejudice to respondent because the first two notices fully appraised respondent of her obligation to recertify. No provision in the HUD Handbook allows the court to ignore petitioner’s failure to comply timely with the reminder notice requirements. The rules provide, instead, that if recertification is late because the owner failed to supply timely reminder notices of recertification, the changes take effect on the first of the month following the required 30-day notice. (Handbook ¶ 7-8 [D] [1] [c] [2].) Petitioner failed to comply with the HUD Handbook’s reminder notice requirements by sending the third reminder notice too late. Any increase in the rent to market rent can be effective only on or by the first of the month following the 30-day reminder. Respondent’s motion to dismiss the petition would be granted with respect to that part of the petition that seeks the market value rent for October 2003. But for the reasons below, the court need not reach that issue.
Respondent argues that petitioner’s reminder notices did not provide the information required by the HUD Handbook. The HUD Handbook requires that all four notices contain specific information regarding the recertification process. (Handbook ¶ 7-7 [B] [1] [a] [1], [2]; [2] [b] [l]-[7]; [3] [b]; [4] [b] [l]-[2].) The information required in the first reminder notice must also be included in the second and third reminder notices. (Handbook ¶ 7-7 [B] [3] [b]; [4] [b] [1].) In the notices, owners must refer tenants to the lease provisions that require the annual recertification and tell tenants what information and documents they must bring with them to the recertification interview. (Handbook ¶ 7-7 [B] [2] [b] [1], [4].) The notices must provide tenants with the name and contact information of the staff person who will recertify them and must also provide the days and times that the owner’s office will be open to conduct recertification interviews. (Handbook ¶ 7-7 [B] [2] [b] [2], [3].) The notices *636 must further provide tenants with a “cutoff date,” which is the 10th day of the 11th month before the anniversary date (Sept. 10, 2003 in this case). (Handbook ¶ 7-7 [B] [2] [b] [5].) The notices must also state that, if the tenant fails to respond before the anniversary date, the tenant will lose the subsidy and be required to pay the market rent. (Handbook ¶ 7-7 [B] [2] [b] [7].)
Petitioner annexed copies in its affirmation in opposition to respondent’s motion to dismiss of the reminder notices it sent to respondent. The first and second reminder notices included the contact information and title of the staff person to be contacted but not the name of the person to be contacted, the days and hours of operation, or the location of the office where respondent was required to meet with the staff to recertify. The third reminder notice did not contain the name of the staff person to be contacted, the days and hours of operation, the location of the office, or the list of required information that respondent had to bring with her to the meeting. Petitioner argues that all the reminder notices adequately apprised respondent of her responsibility to make an appointment to recertify and what the consequences for failing to recertify were. But the content requirements of the notice reminders are mandatory, not merely suggestions.
Nor are the rules equivocal. The rules provide that the required information “must” be included in all the reminder notices. (Handbook 1 7-7 [B] [2] [b]; [3] [b]; [4] [b] [1].) If the reminder notice requirements are not complied with, a nonpayment proceeding based upon a tenant’s failure to timely recertify must be dismissed. (See Bedford Gardens Co. v Rosenberg, NYLJ, Mar. 27, 1998, at 31, col 2 [App Term, 2d Dept, mem] [affirming dismissal due to landlord’s failure to comply with HUD Handbook’s recertification notice requirements]; 1199 Hous. Corp. v McCartney, NYLJ, Jan. 28, 1997, at 25, col 3 [App Term, 1st Dept, per curiam]; Goldstein v Bush, 2001 NY Slip Op 50016[U] [Hous Part, Civ Ct, Kings County 2001] [dismissing nonpayment proceeding for failure to comply with content requirements of reminder notices].)
Petitioner’s first and second reminder notices contained most of the required information, but petitioner’s third reminder notice was devoid of most of the information required by the HUD Handbook. Petitioner’s third reminder notice did not provide respondent with the dates and times the office would be open, the location of the office, the name of the person to be contacted, *637 or the list of documents that respondent must bring with her to the office. Respondent’s motion to dismiss this nonpayment proceeding for failure to comply with the rules governing recertification is granted.