OPINION OF THE COURT
Pam Jackman-Brown, J.
This summary holdover proceeding seeks to terminate the tenancy of respondent based upon lease expiration of an unregulated apartment. Respondent moves to dismiss the petition based upon the allegation of waiver. Respondent alleges that petitioner gave a written demand for rent as well as accepted rent from respondent, after the date of the termination of tenancy and prior to commencement of the proceeding. Respondent also seeks dismissal of the petition based upon petitioner’s alleged improper service of the termination notice. Petitioner cross-moves to dismiss respondent’s affirmative defenses and counterclaims and seeks summary judgment.
Respondent’s Motion to Dismiss
Respondent asserts the petitioner billed for, demanded and accepted January 2006 rent from respondent after the alleged service of the notice of termination (which sought to terminate the tenancy effective Dec. 31, 2005) and prior to commencement of this proceeding. Respondent alleges that petitioner held the January 2006 rent check for over six weeks, thereby vitiating the termination notice and creating a new month-to-month *1019 tenancy. Courts have held that the retention of a rent check after the termination of the tenancy and before the commencement of a holdover proceeding constitutes a waiver of the termination of tenancy and requires dismissal of a holdover proceeding. (See, Roxborough Apt. Corp. v Becker, 176 Misc 2d 503 [Civ Ct, NY County 1998].) Retention of a rent payment by a landlord without immediately returning the monies, or explaining the inadvertence in not promptly returning the payment, constitutes grounds to terminate the predicate notice. (See, 205 E. 78th St. Assoc. v Cassidy, 192 AD2d 479 [1st Dept 1993], revg on dissent of McCooe, J., NYLJ, Sept. 27, 1991, at 21, col 4 [App Term, 1st Dept].) However, the court must look to the individual facts of each case prior to making such a determination.
In this case, it is undisputed that respondent sent petitioner two rent checks after service of the termination notice and prior to commencement of the proceeding. The first check dated January 1, 2006, representing December 2005 rent, was immediately rejected by petitioner and returned to respondent in a letter dated January 6, 2006. (See petitioner’s cross motion, exhibit H.) The letter states: “Please be further advised that my client is not able to accept this rent at this time due to the fact that you have been served with a Thirty (30) Day Notice of Termination that expired on December 31, 2005.” Thereafter, it is undisputed that respondent tendered a second check to petitioner for January 2006 rent dated January 4, 2006. Neither party is able to confirm the date the second check was received by petitioner’s office.
Respondent alleges that petitioner held on to the “second” check for over six weeks, thereby creating a waiver and vitiating the termination notice. However, correspondence between counsel for the two parties confirms that ongoing conversations around this “second check” occurred during the mid to later part of January 2006. Petitioner annexes a facsimile cover sheet dated January 25, 2006, addressed to respondent’s counsel, with an attached copy of the second check which his client “had just received,” requesting respondent’s counsel’s consent to deposit the check. (See cross motion, exhibit I.) A second facsimile cover sheet from petitioner’s attorney, also dated January 25, 2006 and addressed to respondent’s counsel, attached a proposed stipulation of adjournment and indicated “[p]er your email, my client will hold the rent check that I faxed to you until I hear back from you after you speak with your client.” (See cross mo *1020 tion, exhibit J.) A facsimile cover sheet from respondent’s attorney of the same date states: ‘T cannot reach my client so I cannot make any agreement at this time. Please send the stipulation with respect to the adjournment. I will deal with rent and/or use and occupancy when I reach my client.” (See cross motion, exhibit K.)
Petitioner’s counsel annexes yet another correspondence to respondent’s attorney dated January 27, 2006. In a facsimile of that date, he attaches a copy of a so ordered and executed stipulation of adjournment and again refers to the second check, by stating, “Please call me about the Jan. rent check.” (See cross motion, exhibit L.) In a final correspondence regarding the second rent check, petitioner’s attorney, by letter dated February 17, 2006, finally returns the check and states: “I am returning this check because in our last telephone conversation, you would not consent to allow my client to deposit this check. The return of this check is without prejudice to my client seeking use and occupancy for the month of January in the future.” (See cross motion, exhibit M.)
Respondent alleges that acceptance of rent after the expiration of the lease creates a new month-to-month tenancy. (See, In re T.R. Acquisition Corp., 309 BR 830 [SD NY 2003].) A landlord’s acceptance of rent from a tenant after the tenant’s lease expires, but prior to the commencement of a holdover proceeding, does not, by itself, prove a knowing and willing relinquishment of a previously served termination notice. The courts have described a waiver as a “voluntary abandonment ... of a known right.” (See, Jefpaul Garage Corp. v Presbyterian Hosp. in City of N.Y., 61 NY2d 442, 446 [1984].) Petitioner’s clear rejection of the first rent check for December 2005, coupled with ongoing dialogue between counsel for both parties about the status of the “second check” over a period of a few weeks, in no way constitutes a “voluntary abandonment” of petitioner’s intent to terminate the tenancy. Accordingly, the portion of the motion seeking to dismiss the petition based on acceptance of a rent check and waiver is denied.
Respondent also seeks dismissal of the petition based upon receipt of a rent bill for the January 2006 rent. While it is undisputed that petitioner billed respondent for the January 2006 rent, petitioner is able to offer a reasonable explanation for this error. If the landlord can prove that the acceptance of rent was inadvertent and that rent was promptly returned, a holdover proceeding may survive a motion to dismiss. (See *1021 PCV/ST LLC v Finn, 2003 NY Slip Op 50897[U] [App Term, 1st Dept].) Petitioner explains that the bill was an inadvertent error by an independent contractor, resulting in a computer generated bill mistakenly being sent to respondent for January use and occupancy. Petitioner explains that its agents and affiliates own and manage approximately 60 buildings and receive approximately 500 checks each month representing rental checks for all the buildings. Additionally, petitioner’s conduct does not constitute a waiver. This conduct includes the prompt return of the December rent, ongoing correspondence with respondent’s attorney regarding the “second check” and immediate return of the check once respondent’s counsel communicated to petitioner’s attorney that his client would not consent to allow petitioner to accept the check. Accordingly, respondent’s first affirmative defense, alleging waiver based on acceptance of rent after termination of the tenancy and prior to commencement of the proceeding, is hereby dismissed.
Respondent also seeks dismissal based upon the allegation of improper service of the termination notice. Respondent cites Matter of ATM One v Landaverde (2 NY3d 472 [2004]) to support her argument that the failure to add five days to the mailing of the termination notice deems it defective, thereby, requiring dismissal. Landaverde dealt with a 10-day notice to cure served upon a rent-stabilized tenant, where the only method of service was mailing. There, the Court of Appeals held that owners who elect to serve a notice to cure by mail must compute the date certain by adding five days to the 10-day minimum cure period.
Lower courts are divided on whether the rule set forth in Landaverde is applicable to other types of notices. The rule has been extended to notices to cure in Mitchell-Lama housing. (See Southbridge Towers, Inc. v Frymer, 4 Misc 3d 804 [Civ Ct, NY County 2004].) The lower courts are split on whether Landaverde is applicable to Golub notices. Lower courts have held that the Landaverde rule is applicable to a Golub notice in the following cases. (See Lynch v Dirks, NYLJ, Jan. 5, 2005, at 19, col 3 [Civ Ct, NY County]; and Shoshany v Goldstein, NYLJ, Feb. 9, 2005, at 18, col 3 [Civ Ct, NY County]; also see K.S.L.M. Columbus Apts. Inc. v Bonnemere, 8 Misc 3d 1026[A], 2004 NY Slip Op 51890[U] [Civ Ct, NY County 2004]; and Gnan v Crawford, L&T No. 73194/04 [in both cases the lower courts held that the Landaverde holding should not be expanded to apply to service of a Golub notice. The K.S.L.M. court reasoned that the *1022 Landaverde holding was limited solely to notices to cure, particularly since cure periods are generally of a short duration].)
Respondent relies heavily on Wing Lee Realty Inc. v Man Yee Yon (9 Misc 3d 1104[A], 2005 NY Slip Op 51392[U] [Civ Ct, NY County 2005]). The court held that petitioner was required to add an additional five days to a notice to quit which had been served by conspicuous place service. It further ruled that since conspicuous place service requires a mailing, then the five-day period set forth in Landaverde was required. It should be noted that the subject apartment in Wing Lee was rent regulated.
This case involves an unregulated apartment where a termination notice pursuant to Real Property Law § 232-a must be served in the same manner as the notice of petition and petition pursuant to RPAPL 735. Petitioner is correct in its argument that neither Landaverde nor Wing Lee pertain to service of a 30-day notice of termination pursuant to RPAPL 735, as in the case before this court. A review of the court file reveals that petitioner complied with conspicuous place service pursuant to RPAPL 735 (1) and that service was complete pursuant to RPAPL 735 (2) upon proof of filing the affidavit of service with the clerk of the court. This court does not find that the Landaverde rule which applies to service by “mail only” is applicable in service by mail after conspicuous place service. Accordingly, respondent’s motion to dismiss based on failure to add five extra days for mailing after conspicuous place service is denied and respondent’s first affirmative defense of improper service is hereby dismissed.
Based on the above, respondent’s motion to dismiss the proceeding is denied. Petitioner’s cross motion to dismiss respondent’s affirmative defenses and counterclaims is granted. Since all of respondent’s defenses and counterclaims are dismissed there are no issues of fact to be tried. Therefore, petitioner’s motion for summary judgment is granted.