OPINION OF THE COURT
Per Curiam.
Order, dated October 22, 2004, affirmed, with $10 costs.
The notice to cure underlying this holdover summary proceeding, requiring tenant to cure the lease violation complained of by September 2, 2004, was sent by landlord via certified and regular mail on August 23, 2004, but was not received by tenant until August 24, 2004. Given this undisputed chronology, the cure notice did not form a valid predicate for terminating the tenant’s stabilized lease “because the date certain as established by owner, when paired with the chosen service method, did not provide tenant the minimum 10-day cure period” (Matter of ATM One v Landaverde, 2 NY3d 472, 478 [2004]). While Landaverde was decided under the Emergency Tenant Protection Regulations (ETPR), no sound basis appears why the rule enunciated in that case — requiring the addition of five days to the 10-day statutory cure period for service by mail “to ensure that tenants are not disadvantaged by an owner’s choice of service method” (id. at 478) — should not apply with equal force to cure notices that are similarly mailed, but governed by the Rent Stabilization Code, a regulatory scheme which, as landlord itself appropriately acknowledges, “serves a similar purpose as the ETPR.” Nor may the “Rills and Notice” provision contained in the parties’ lease agreement — made applicable by its terms only to “written notice” given by landlord “under this agreement” — be read to deprive tenant of the full 10-day cure period allotted by the governing Code regulation (compare Minick v Park, 217 AD2d 489, 490 [1995] [Rent Stabilization Code “establishes the minimum rights to be accorded tenants”]).
Davis, J.P, and Gangel-Jacob, J., concur.