McCooe, J.P.
(concurring). I concur on a separate ground. The tenant in Matter of ATM One v Landaverde (2 NY3d 472 [2004])[1] did not receive the notice 10 days prior to the date stated in the notice to cure the alleged violation as required by *106 the Emergency Tenant Protection Regulations (see 9 NYCRR 2508.1 [a]; 2504.1 [d]). He only received nine days’ notice and immediately moved to dismiss on the ground of improper service. As the Court of Appeals stated, “We conclude that the proceeding was properly dismissed because the tenant was not afforded 10 days to cure the alleged violation” (Landaverde, 2 NY3d at 474). This proceeding is readily distinguishable because there is no claim that the tenant did not receive the notice of nonrenewal (Golub notice) on or before the 90 days prior to the expiration date of the lease as provided in the Rent Stabilization Code (see 9 NYCRR 2524.2 [c] [2]). The answer raised no issue as to improper service. The only procedural claim raised, 2V2 years later in opposition to the petitioner’s summary judgment motion, was that an additional five days was not added to the 90-day minimum notice provision.
The Court of Appeals stated that the “legislative intent is the great and controlling principle, and the proper judicial interpretation is to discern and apply the will of the [enactors]” (Landaverde, 2 NY3d at 477 [internal quotation marks omitted]). Regulations should generally be construed the same as statutes. The Court’s decision specifically disclaimed any intention to legislate. The tenant does not deny receiving the notice on or before the 90-day period in compliance with the Rent Stabilization Code. Dismissing this proceeding because less than five days’ additional mailing period was added to the notice would conflict with the rent stabilization regulations and constitute judicial legislating.[2]
I join with the majority and decline to extend Landaverde “beyond the narrow fact setting of that case,” although we part company on the rationale for the reversal.
Davis and Gangel-Jacob, JJ., concur; McCooe, J.E, concurs in a separate memorandum.

. See Laide, Cases and Controversies, 4 Finklestein, Ferrara and Treiman’s Landlord-Tenant Monthly, at 13-16 (Jan. 2006) (overview); Estis *106 and Robbins, Landlord-Tenant, Notices to Tenant When Do They Become Effective, NYLJ, Feb. 2, 2005, at 5, col 2 (background and conflicting decisions).

. See Pajak v Pajak, 56 NY2d 394, 397 (1982); McKinney’s Cons Laws of NY, Book 1, Statutes § 73 (“Avoidance of judicial legislation”) provides: “The courts in construing statutes should avoid judicial legislation; they do not sit in review of the discretion of the Legislature or determine the expediency, wisdom, or propriety of its action on matters within its powers.” McKinney’s Cons Laws of NY, Book 1, Statutes § 74 (“Implications from legislative silence”) provides: “A court cannot by implication supply in a statute a provision which it is reasonable to suppose the Legislature intended to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.”