■ 21 WEST 58TH STREET CORP., Respondent, v RONALD L. FOSTER, Appellant. [843 NYS2d 583]—

Order of the Appellate Term of the Supreme Court of the State of New York, First Department, entered October 16, 2006, which reversed an order of the Civil Court, New York County (Jean T. Schneider, J.), dated December 16, 2004, granting tenant's motion for summary judgment dismissing the petition in a nonprimary residence holdover summary proceeding, reinstated the petition, and dismissed the second through fourth affirmative defenses, unanimously affirmed, without costs.

The Appellate Term correctly determined that the notice of nonrenewal had been timely served, implicitly rejecting tenant's reliance in his second affirmative defense on the decision of the Court of Appeals in *Matter of ATM One v Landaverde* (2 NY3d 472 [2004]).

In *Landaverde*, the Court of Appeals affirmed the dismissal of a breach of lease holdover proceeding governed by the Emergency Tenant Protection Regulations, on the ground that the predicate 10-day notice to cure had not been served sufficiently in advance. The court held that when such notice to cure is served by mail, the landlord must factor in an additional five days to the required cure period so that the tenant is not disadvantaged by the landlord's choice of service method; the court discounted both the approaches of the landlord (that the "date certain" be computed from the date of mailing) and of the intermediate appellate courts (that service was complete upon tenant's receipt of the notice) because they did not permit an owner to reliably compute and insert the date certain on the notice to cure as required by the regulations. As such, the court was concerned in particular with parties who elect to serve "notices to cure by mail" (*id.* at 478) as opposed to other notices, such as the notice of nonrenewal in the instant case.

Moreover, the policy concerns giving rise to the solution fashioned by the *Landaverde* court are not implicated in a situation where a 90/150 day notice of nonrenewal is served by mail. A notice of nonrenewal calls upon the tenant to elect whether to contest the merits of a landlord's possessory claim following a lease termination date set months in advance or to vacate the premises in the interim. Unlike a tenant who receives a notice to cure, who may be deprived of the full benefit of the mandated 10-day cure period by the mailing of a notice to cure, a tenant served by mail with a notice of nonrenewal within the 90/150 period cannot be said to be "disadvantaged by an owner's choice of service method" (*id.* at 478); although the tenant must decide whether or not to challenge the landlord's claim, there is no affirmative act that the tenant can, or must, take to "cure a default" prior to the expiration date set forth in the notice of nonrenewal which would prevent the nonrenewal of his or her lease. Indeed, the failure to use one's apartment as one's primary residence is not capable of being cured (*see Matter of Stahl Assoc. Co. v State Div. of Hous. & Community Renewal, Off. of Rent Admin.*, 148 AD2d 258 [1st Dept 1989]).

Finally, the Appellate Term properly dismissed tenant's remaining affirmative defenses as lacking in merit. We have considered and rejected tenant's other arguments. Concur—

Andrias, J.P., Friedman, Williams, Buckley and Sweeny, JJ. [*See* 13 Misc 3d 133(A), 2006 NY Slip Op 51956(U).]