OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
Landlord commenced this nonpayment summary proceeding to recover rent arrears which accrued following the termination of tenant’s Section 8 subsidy after tenant allegedly failed to cooperate with the annual recertification requirements. A final judgment was entered in favor of landlord upon tenant’s failure to answer. Thereafter, tenant moved, pro se, to vacate the default final judgment. Pursuant to a stipulation of settlement dated August 14, 2002, tenant’s motion to vacate was granted only to the extent of staying execution of the warrant to September 18, 2006 for tenant to pay rent arrears of $17,119.55. Tenant subsequently obtained counsel, who moved to vacate the stipulation and default final judgment, and to dismiss the petition. The court below granted tenant’s motion on the ground that the first and third recertification notices were deficient in that they did not set forth information required by the Department of Housing and Urban Development (HUD), specifically, the name and contact information of the person employed at the property to recertify tenant and the rent tenant would be obligated to pay absent a recertification of income eligibility. Landlord appeals and we affirm.
At all relevant times, United States Department of Housing and Urban Development Handbook 4350.3 REV-1 (Occupancy Requirements of Subsidized Multifamily Housing Programs [Handbook]), issued in 2003, required an annual recertification of a Section 8 recipient’s eligibility for a subsidy and provided for a series of notices apprising the tenant, inter alla, of “the name of the staff person at the property to contact about scheduling a recertification interview, the contact information for this person, and how the contact should be made” (Handbook If 7-7 [B] [2] [b] [2]) and, in the third notice, “[s]pecify[ing] the amount of rent the tenant will be required to pay if the tenant *40 fails to provide the required recertification information by the recertification anniversary date” (id. at 1¶ 7-7 [B] [4] [b] [2]). Landlord’s first notice, which stated that tenant was to contact a “staff member” at landlord’s “Management Office,” and the third notice, which stated that tenant would be charged a “market rent,” did not comply with the Handbook’s aforesaid requirements (see e.g. Good Neighbor Apt. Assoc, v Rosario, NYLJ, July 9, 2008, at 26 [Civ Ct, NY County]; Lower E. Side I Assoc. LLC v Estevez, 6 Misc 3d 632, 635 [Civ Ct, NY County 2004]).
Given the nature of the defects, we are of the opinion that there was an improper termination of the Section 8 subsidy. Such an improper termination bars the maintenance of a nonpayment proceeding (Bedford Gardens Co. v Rosenberg, NYLJ, Mar. 27, 1998, at 31 [App Term, 2d & 11th Jud Dists]; Starrett City v Hamilton, NYLJ, Feb. 21, 1991, at 27 [App Term, 2d & 11th Jud Dists]; see also 1199 Hous. Corp. v McCartney, 171 Misc 2d 239 [App Term, 1st Dept 1997]). Consequently, as tenant showed that he inadvisably waived a substantial meritorious defense, as well as an excuse for his default, his motion to vacate the stipulation and default final judgment and to dismiss the petition was properly granted.