■ 235 W 71 Units LLC, Respondent, v Maria Arias Zeballos, Appellant, et al., Defendants. [8 NYS3d 48]—

Order, Supreme Court, New York County (Eileen A. Rakower, J.), entered January 23, 2014, which denied defendant's motion to dismiss plaintiff's complaint seeking an order of ejectment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

In June 2008, defendant, previously the tenant of an apartment subject to rent stabilization law, entered into a relocation agreement with the prior owner of the building pursuant to which she agreed to move out of her rent-regulated apartment and into a condominium apartment, in exchange for consideration and subject to certain conditions. The relocation agreement provided that defendant would be a "Free Market" tenant, but that "with respect to the percentage increase of rent only, Tenant's percentage increase, shall be governed by the applicable laws governing Rent Stabilized tenants," that her tenancy would continue for the duration of her life with no right of survivorship, and that her son could continue to reside in the apartment in her absence "provided Tenant maintains the Premises as her Primary Residence, as such term is defined in the Rent Stabilization Code and Law." The parties also executed a lease which, inter alia, required defendant to use the apartment as her "primary residence." The lease provides that, in the event of defendant's default, the landlord is required to provide "written notice of default stating the type of default," including specific periods for certain types of defaults and a catchall provision providing 10 days notice to cure for "[f]ailure to comply with any other term or Rule in the Lease [Agreement], 10 days."

Plaintiff purchased the apartment from the prior owner in

December 2012, and five months later served defendant with a document entitled "Notice of Landlord's Intention to Commence Proceeding to Recover Housing Accommodations Based on Non-Primary Residence." After plaintiff commenced the instant proceeding, defendant moved to dismiss on the ground that plaintiff had failed to provide a notice to cure as required by the express terms of the lease.

We agree with defendant. While plaintiff argues that the relocation agreement created a "quasi-Rent Stabilized tenancy," so that a notice to cure is not required when the claimed default is based on nonprimary residence (see 21 W. 58th St. Corp. v Foster, 44 AD3d 410, 411 [1st Dept 2007]; Matter of Stahl Assoc. Co. v State Div. of Hous. & Community Renewal, Off. of Rent Admin., 148 AD2d 258, 268 [1st Dept 1989]), the relocation agreement and lease only incorporate specified portions of the Rent Stabilization Code and scheme, namely, the permissible percentage rent increase and the definition of primary residence. However, to the extent the Rent Stabilization Code applies, "[t]he statutory scheme simply establishes the minimum rights to be accorded tenants, and does not preclude a contract that gives a tenant greater rights" (Minick v Park, 217 AD2d 489, 490 [1st Dept 1995]; see also Waring Barker Co. v Santiago, 1998 NY Misc LEXIS 749 [App Term, 1st Dept 1998]; 626 E. 9 St. Hous. Dev. Fund Corp. v Collins, 185 Misc 2d 628, 631 [Civ Ct, NY County 2000]). Since defendant demonstrated that plaintiff did not comply with the notice to cure provisions of the negotiated lease for the condominium apartment, she is entitled to dismissal of the ejectment action. Concur—Tom, J.P., Sweeny, Renwick and Andrias, JJ. ■