OPINION OP THE COURT
Scott Fairgrieve, J.
Petitioner has commenced this holdover proceeding against respondent Mary Albano concerning unit 124, located at 100 Payan Avenue, Valley Stream, New York.
The petition states that a proper notice to terminate was served for nonpayment of rent and material noncompliance with the lease. Rent is demanded for rent arrears of $5,778 for the period of June 1, 2015 through November 1, 2015. No other grounds are set forth.
Respondent moves for an order pursuant to CPLR 404 and 3211 (a) (1) dismissing the petition because the petitioner failed to give respondent a termination notice that complies with Section 8 law or the parties’ lease.
The notice to terminate provides that the lease was being terminated for nonpayment of the rent. The notice further provides:
“PLEASE TAKE NOTICE that unless you comply with this notice, the undersigned will commence removal of your property to be held in storage for a period of no more than thirty (30) days. If your property is not picked up within the thirty (30) day we will give the property to a charity to be determined.”
Respondent claims that the notice to terminate is defective because it fails to inform respondent “that the tenant has the right to defend the action of termination in court.”
The Model Lease for Subsidized Programs provides in paragraph 23, entitled “Termination of Tenancy,” that a lease may be terminated in accordance with paragraph 23 (b): “Any termination of this Agreement by the Landlord must be carried out in accordance with HUD regulations, State and local law, and the terms of this Agreement.”
Paragraph 23 (e) of the Model Lease states that all termination notices must contain the following:
*329 “If the Landlord proposes to terminate this Agreement, the Landlord agrees to give the Tenant written notice and the grounds for the proposed termination. If the Landlord is terminating this agreement for ‘other good cause’, the termination notice must be mailed to the Tenant and hand-delivered to the dwelling unit in the manner required by HUD at least 30 days before the date the Tenant will be required to move from the unit and in accordance with the State law requirements. Notices of proposed termination for other reasons must be given in accordance with any time frames set forth in State and local law. Any HUD-required notice period may run concurrently with any notice period required by State or local law. All termination notices must:
“• specify the date this Agreement will be terminated;
“• state the grounds for termination with enough detail for the Tenant to prepare a defense;
“• advise the Tenant that he/she has 10 days within which to discuss the proposed termination of tenancy with the Landlord. The 10-day period will begin on the earlier of the date the notice was hand-delivered to the unit or the day after the date the notice is mailed. If the Tenant requests the meeting, the Landlord agrees to discuss the proposed termination with the Tenant; and “• advise the Tenant or his/her right to defend the action in court.”
HUD Occupancy Handbook chapter 8-13 mandates that the termination notice include the following:
“B. Procedures for Terminating Tenancy and Providing Notice
“The following procedures are the minimum standards required by HUD. Most state and/or local laws are more restrictive than HUD’s minimum requirements; therefore, an owner should be aware of state and local laws governing terminations. . . .
“2. Termination notice. . . .
“c. When an owner terminates tenancy, written notice must be provided to the tenant and must: . . .
*330 “(3) Advise the tenant that remaining in the unit on the termination date specified in the notice may result in the owner seeking to enforce the termination in court, at which time the tenant may present a defense.”
Section 247.4 (a) of 24 CFR provides that the notice must inform the tenant of his/her right to assert a defense to any eviction proceeding:
“Requisites of Termination Notice. The landlord’s determination to terminate the tenancy shall be in writing and shall: (1) State that the tenancy is terminated on a date specified therein; (2) state the reasons for the landlord’s action with enough specificity so as to enable the tenant to prepare a defense; (3) advise the tenant that if he or she remains in the leased unit on the date specified for termination, the landlord may seek to enforce the termination only by bringing a judicial action, at which time the tenant may present a defense; and (4) be served on the tenant in the manner prescribed by paragraph (b) of this section.”
This court holds that all notices to terminate must comply with 24 CFR 247.4, the HUD Handbook, and the Model Lease (to which the parties agreed). The failure to comply with the foregoing compels dismissal of the instant proceeding.
In Starrett City, Inc. v Brownlee (22 Misc 3d 38, 39-40 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]), the court dismissed the proceeding because the notice failed to comply with the HUD Handbook:
“At all relevant times, [HUD] Handbook 4350.3 Rev-1 (Occupancy Requirements of Subsidized Multifamily Housing Programs [Handbook]), issued in 2003, required an annual recertification of a Section 8 recipient’s eligibility for a subsidy and provided for a series of notices apprising the tenant, inter alia, of ‘the name of the staff person at the property to contact about scheduling a recertifi-cation interview, the contact information for this person, and how the contact should be made’ (Handbook ¶ 7-7 [B] [2] [b] [2]) and, in the third notice, ‘[s]pecify[ing] the amount of rent the tenant will be required to pay if the tenant fails to provide the required recertification information by the recertification anniversary date’ (id. at ¶ 7-7 [B] [4] [b] [2]). Landlord’s first notice, which stated that *331 tenant was to contact a ‘staff member’ at landlord’s ‘Management Office,’ and the third notice, which stated that tenant would be charged a ‘market rent,’ did not comply with the Handbook’s aforesaid requirements (see e.g. Good Neighbor Apt. Assoc. v Rosario, NYLJ, July 9, 2008, at 26 [Civ Ct, NY County]; Lower E. Side I Assoc. LLC v Estevez, 6 Misc 3d 632, 635 [Civ Ct, NY County 2004]).
“Given the nature of the defects, we are of the opinion that there was an improper termination of the Section 8 subsidy. Such an improper termination bars the maintenance of a nonpayment proceeding (Bedford Gardens Co. v Rosenberg, NYLJ, Mar. 27, 1998, at 31 [App Term, 2d & 11th Jud Dists]; Starrett City v Hamilton, NYLJ, Feb. 21, 1991, at 27 [App Term, 2d & 11th Jud Dists]; see also 1199 Hous. Corp. v McCartney, 171 Misc 2d 239 [App Term, 1st Dept 1997]). Consequently, as tenant showed that he inadvisably waived a substantial meritorious defense, as well as an excuse for his default, his motion to vacate the stipulation and default final judgment and to dismiss the petition was properly granted.”
In Park Lane Residences, L.P. v Boose (26 Misc 3d 1233[A], 2010 NY Slip Op 50364[U] [Nassau Dist Ct 2010]), the court found that since the notices failed to comply with the HUD Handbook, the petitioner was barred from collecting market rent from respondent.
In the case at bar, petitioner’s notice to terminate fails to comply with the Model Lease, HUD Handbook, and 24 CFR 247.4. The notice to terminate only informs the respondent that the petitioner will commence removal of respondent’s property which would be placed in storage. The notice to terminate fails to inform the respondent that respondent may present a defense to petitioner’s commencement of a summary proceeding to terminate the lease in court.
As such this action is dismissed without prejudice. Petitioner may commence another proceeding in compliance with the foregoing.