Greater Centennial Homes Housing Development Fund, Inc., Respondent,
against
Laverne Jones, Appellant.




Legal Services of the Hudson Valley (Antonio J. Smith, Esq.), for appellant.
Novick & Kaner, P.C. (Morton Kaner, Esq.), for respondent.

Appeal from a final judgment of the City Court of Mount Vernon, Westchester County (Adam Seiden, J.), entered January 12, 2016. The final judgment, entered, in effect, pursuant to a CPLR 409 (b) summary determination, awarded landlord possession and the sum of $7,626 in a nonpayment summary proceeding.




ORDERED that the final judgment is reversed, without costs, and the matter is remitted to the City Court for the entry of a final judgment dismissing the petition.
Landlord, an owner of housing financed by the Department of Housing and Urban Development (HUD), commenced this nonpayment proceeding against tenant, a recipient of a Section 8 rent subsidy, to recover rent increases which had allegedly accrued as a result of tenant's delinquency in the annual recertification process. Tenant's answer alleged that landlord had failed to complete the recertification process as required by HUD and was therefore precluded from increasing tenant's rent. Following several court appearances and the submission of memoranda of law, the City Court, upon, in effect, summarily determining the matter, pursuant to CPLR 409 (b), in favor of landlord, awarded landlord possession and the sum of $7,626.
Tenant's HUD-prescribed lease provides that any increases in rent must be in compliance with the requirements of the HUD Handbook. HUD Handbook 4350.3 REV-1 (Occupancy Requirements of Subsidized Multifamily Housing Programs) (Handbook) requires an annual recertification of a Section 8 recipient's eligibility for a subsidy. The Handbook states, "It is the owner's responsibility to process all recertifications in a timely manner" (Handbook ¶ 7-8) and [*2]requires, among other things, that an owner give a tenant a 30-day notice prior to a rent increase (id. at ¶ 7-10), obtain the signature of all adults in a tenant's household on a compliance form (id.), and provide the tenant with the initial notice for the next year's annual recertification (id.). 
An owner's compliance with the Handbook's recertification requirements is a necessary prerequisite to the completion of the recertification process (see Starrett City, Inc. v Brownlee, 22 Misc 3d 38, 40 [App Term, 2d Dept, 2d & 11th Jud Dists 2008]; Good Neighbor Apt. Assoc. v Rosario, NYLJ, July 9, 2008 [Civ Ct, NY County 2008]). The City Court found, and landlord does not dispute, that landlord had failed to comply with the Handbook's recertification requirements, including the requirement that tenant receive 30 days' advance notice of a rent increase, but held that landlord's noncompliance did not prevent landlord from collecting the HUD-approved rent increase. However, as tenant's HUD-prescribed lease requires landlord to implement changes in tenant's rent only in accordance with the procedures set forth in the Handbook, which landlord substantially failed to do, landlord was not, in the circumstances presented, entitled to recover the increased rent.
Accordingly, the final judgment is reversed and the matter is remitted to the City Court for the entry of a final judgment dismissing the petition.
Tolbert, J.P., Garguilo and Brands, JJ., concur.
Decision Date: April 27, 2017