751 Union Street, LLC, Appellant, 
against
Linda Charles, etc., Respondent, et al., Undertenants.




Stern & Stern, Esqs. (David Lyle Stern, Esq.), for appellant.
Hobson-Williams, P.C. (Tanya Hobson-Williams, Esq.), for respondent.

Appeal from a final judgment of the Civil Court of the City of New York, Kings County (Jean T. Schneider, J.), entered January 25, 2016. The final judgment, entered pursuant to an order of the same court dated December 29, 2015 granting tenant's motion for summary judgment, dismissed the petition in a holdover summary proceeding.




ORDERED that the final judgment is reversed, without costs, the provision of the order dated December 29, 2015 granting tenant's motion for summary judgment dismissing the petition is stricken and a provision is substituted therefor granting tenant's motion only to the extent of awarding tenant partial summary judgment dismissing so much of the petition as was predicated on allegation seven of the notice of termination.
In this holdover proceeding, landlord served tenant with a 10-day notice of termination alleging that tenant had engaged in conduct constituting a nuisance (see Rent Stabilization Code § 2524.3 [b]). Specifically, landlord alleged as follows:
"1. Between October 2014 and December 2014 on a virtually daily basis, you were verbally abusive to the maintenance worker and painter for the building, Orlando Angarita-Isaza. You yell and scream at him and constantly use profanities at him.
2. On the morning of January 24, 2015 you were screaming at Mr. Angarita-Isaza and thrust your middle and forefinger at Mr. Angarita-Isazas's eyes, hitting him in the forehead just above the eyes. Mr. Angarita-Isaza immediately retreated down the stairwell to avoid any further physical assault.
3. On the morning of February 7, 2015, Mr. Angarita-Isaza attempted to clean the hallways. You were screaming at Mr. Angarita-Isaza on the third floor. You then followed Mr. Angarita-Isaza down the stairwell to the second floor hallway. While on the second floor you stomped on Mr. Angarita-Isaza's feet and shoved him. You then followed Mr. Angarita-Isaza to the first floor still screaming at him. You again stomped on Mr. Angarita-Isaza's feet and shoved him.
4. On February 21, 2015 Mr. Angarita-Isaza was preparing to clean the hallways and was in the basement of the property. You went to the basement and screamed at him. You thereafter followed Mr. Angarita-Isaza down the stairwell from the fourth floor to the first floor. Between the second floor and first floor you violently kicked Mr. Angarita-Isaza in the back, requiring Mr. Angarita-Isaza to go to the hospital.
5. From February 21, 2015 until the present, every time that you see Mr. Angarita-Isaza in the building you stick a camera in Mr. Angarita-Isaza's face, preventing Mr. Angarita-Isaza from working.
6. On January 26, 2015, William Diaz was working on a ladder in the third floor hallway. You began screaming at Mr. Diaz and thereafter violently kicked the ladder that Mr. Diaz was working on. You then kicked the bucket of plaster that Mr. Diaz was working with splattering dry plaster over the floor and walls of the hallway.
7. From January 2014 to the present, on a daily basis, you bang on the ceiling of your apartment any time someone is walking on the floor in the apartment directly above yours.
8. On November 7, 2013, you approached the daughter of the owner of the building, Erin Gallagher in court, shook your finger in her face, threatened her and warned her to stay out your business.
9. On December 18, 2013, you knew Michael Gallagher [the owner of the building] to be wearing a brace for his back. You violently pushed him in the back and threatened Mr. Gallagher, saying I know where you live.'
10. On December 10, 2014, you followed Mr. Gallagher threatening him. You then approached him from behind and hit him on the back of the head.
11. On January 23, 2015, you followed Michael Gallagher from the building, approached [*2]him and then verbally threatened him."
After answering, tenant moved for summary judgment dismissing the petition on the ground that the lease requires that landlord give tenant written notice and 10 days to cure any default involving "[i]mproper conduct by Tenant annoying other tenants" and that landlord did not serve tenant with a notice to cure. By order dated December 29, 2015, the Civil Court granted tenant's motion. Landlord appeals from a final judgment entered January 25, 2016 pursuant to the order.
In general, a landlord is not required to serve a notice to cure if the alleged conduct constitutes a nuisance (see Rent Stabilization Code [9 NYCRR] § 2524.3 [b]). However, if the terms of a lease impose more stringent requirements than the requirements of the Rent Stabilization Code, those additional lease requirements must be complied with (see Minick v Park, 217 AD2d 489, 490 [1995]; see also 235 W 71 Units LLC v Zeballos, 127 AD3d 489 [2015]). Here, the lease requires landlord to give tenant written notice and 10 days to cure when tenant engages in "improper conduct" which "annoy[s] other tenants." Allegation seven of the notice of termination alleges a course of "improper conduct" toward the tenant living directly above tenant for which a notice to cure was required, and, thus, summary judgment was properly granted with respect thereto. However, the other nine allegations involve landlord, his daughter and his employees. Where, as here, a predicate notice alleges factually specific defaults, the insufficiency of one ground does not invalidate the entire notice, as the deficient allegation is severable from the remaining allegations (see Lambert Houses Redevelopment Co. v Adam & Peck Org., 169 Misc 2d 667 [App Term, 1st Dept 1996]; see also CRS Realty Assoc. Inc. v 235 Tenth Ave. Car Wash Inc., 43 Misc 3d 1226[A], 2014 NY Slip Op 50790[U] [Civ Ct, NY County 2014]). Regarding landlord's remaining nine allegations, there remain triable issues and summary judgment should have been denied with respect thereto.
Accordingly, the final judgment is reversed, the provision of the order dated December 29, 2015 granting tenant's motion for summary judgment dismissing the petition is stricken and a provision is substituted therefor granting tenant's motion only to the extent of awarding tenant partial summary judgment dismissing so much of the petition as was predicated on allegation seven of the notice of termination.
WESTON, J.P., ALIOTTA and ELLIOT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 25, 2017