211 E. 11 LLC v D'Antoni (2023 NY Slip Op 50241(U))

[*1]

211 E. 11 LLC v D'Antoni

2023 NY Slip Op 50241(U)

Decided on March 29, 2023

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 29, 2023
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., Michael, James, JJ.

570015/23

211 East 11 LLC, Petitioner-Landlord-Appellant, 
against
Marie D'Antoni, Respondent-Tenant-Respondent, and Laura Perrello, Respondent-Tenant, and Fiona Devaney, Respondent-Occupant.

Landlord, as limited by its briefs, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Travis J. Arrindell, J.), dated July 22, 2022, which granted tenant Marie D'Antoni's motion to dismiss the petition in a holdover summary proceeding.

Per Curiam.
Order (Travis J. Arrindell, J.), dated July 22, 2022, affirmed, with $10 costs.
This holdover proceeding based upon allegations of nonprimary residence was properly dismissed because the underlying notice of nonrenewal was not served within the 90-150 day window period prior to the expiration of the lease (see Rent Stabilization Code [9 NYCRR] §§ 2524.2[c][2], 2524.4[c]). As Civil Court properly determined, the February 28, 2019 lease expiration date must be excluded in calculating the 90-150 day period (see General Construction Law § 20; Gottesman Family Props., LLC v Medi-System Renal Care Mgt. Servs., LLC, 55 Misc 3d 147[A], 2017 NY Slip Op 50690[U][App Term, 2nd Dept, 2d, 11th & 13th Jud Dists 2017]). Therefore, the November 30, 2019 notice was served only 89 days prior to the February 28, 2019 lease expiration, and is therefore invalid (see Santorini Equities, Inc. v Picarra, 72 AD3d 73, 76 [2010], lv dismissed 15 NY3d 769 [2010]).
Our decision in Skyview Holdings, LLC v Cunningham, 13 Misc 3d 102 (App Term, 1st Dept 2006), does not warrant a contrary result. The issue before this Court in that case was whether the rule set forth Matter of ATM One v Landaverde, 2 NY3d 472 (2004), requiring the [*2]addition of five days to the 10—day statutory cure period for service by mail of notices to cure a lease violation, should be extended to a notice of nonrenewal in a nonprimary residence proceeding. On that issue, we held that Landaverde was inapplicable, a position subsequently upheld by the Appellate Division, First Department (see 21 W. 58th St. Corp. v Foster, 44 AD3d 410 [2007]). The issue of whether the lease termination date could be counted in the 90-150 day notice period was neither raised nor addressed in Cunningham.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: March 29, 2023