Lexington Ct. LLC v Torres (2024 NY Slip Op 24297)

[*1]

Lexington Ct. LLC v Torres

2024 NY Slip Op 24297

Decided on November 26, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Miscellaneous Reports.

Decided on November 26, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Hagler, P.J., Brigantti, James, JJ.

570431/24
Lexington Court LLC, Petitioner-Landlord-Appellant, 
against
Felix Torres, Respondent-Tenant-Respondent.

Landlord appeals from an order of the Civil Court of the City of New York, New York County (Jack Stoller, J.), entered on or about January 2, 2024, after a nonjury trial, which dismissed the petition in a nonpayment summary proceeding.

Per Curiam.
Order (Jack Stoller, J.), entered on or about January 2, 2024, affirmed, without costs.
Landlord commenced this nonpayment proceeding seeking to recover rent for the subject project-based Section 8 apartment. The trial evidence, fairly interpreted (see Claridge Gardens v Menotti, 160 AD2d 544 [1990]), established that tenant's Section 8 recertification was not timely processed before the August 2022 anniversary date, due to a mistake by landlord's manager. In November 2022, the subsidy was restored retroactively to August 2022. However, tenant's share of the rent was increased as a result of the recertification (from approximately $762) to $1,312. The central issue in dispute is whether tenant is responsible for the retroactive increase in his share of the rent for the months of August through November 2022. It is undisputed that tenant was not given the required 30-day notice of a change in rent prior to the anniversary date (see HUD Handbook 4350.3 REV-1, § 7-5[B][1]) of August 1, 2022, and, in fact, the first notice of the rent increase to $1,312 was given to tenant in mid-November 2022.
Civil Court dismissed the petition on equitable principles. We affirm, but for different reasons. The HUD Handbook provides that when the landlord fails to timely complete the verification and recertification processing procedures, changes to the tenant's share of the rent are effective on the anniversary date, if the tenant's rent decreases as a result of the recertification (see HUD Handbook § 7-8[D][1][C][1]); or, on the first month following the 30-day notice period, if the tenant's rent increases as a result of the recertification (HUD Handbook § 7-8[D][1][C][2]).
Since tenant's rent increased as a result of the recertification, and the first notice that tenant received of the increase in rent was in November 2022, the increase was not effective for the months of August through November 2022 at issue herein (see HUD Handbook § 7-8[D][1][C][2] [Changes in the total tenant payment and tenant rent are effective "on the first of [*2]the month following a 30-day notice period, if the tenant rent increases as a result of the recertification). Therefore, the petition was properly dismissed (see Greater Centennial Homes Hous. Dev. Fund, Inc. v Jones, 56 Misc 3d 48, 2017 NY Slip Op 27147 [App Term, 2nd Dept, 9th & 10th Jud Dists 2017]; Starrett City, Inc v Brownlee, 22 Misc 3d 38, 2008 NY Slip Op 28486 [App Term, 2nd Dept, 2nd & 11th Jud Dists 2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 26, 2024